IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORMA E. BRYAN A/K/A NORMA E.
MAPLES; ROY A. BRYAN,

                                CASE NO.

      Plaintiffs,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION and SETERUS, INC.,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, NORMA E. BRYAN, A/K/A NORMA E. MAPLES, and ROY A. BRYAN (hereafter "the BRYANS"), sue Defendant, FEDERAL NATIONAL MORTGAGE ASSOCIATION and Defendant SETERUS, INC., and respectfully allege as follows:

### JURISDICTION AND VENUE

1.     This is a civil action for money damages in an amount that exceeds $75,000, exclusive of costs, interest, and attorneys' fees.

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and pursuant to 15 U.S.C. § 1692k(d) and/or pursuant to 28 U.S.C. § 1367 for pendant state law claims.

3.     Plaintiffs bring this action to recover statutorily prescribed damages for acts on the part of Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION (hereafter "Defendant" or "FANNIE MAE") and Defendant SETERUS, INC. (hereafter "Defendant" or "SETERUS") in violation of 47 U.S.C. § 227, *et seq.*, the Telephone Consumer Protection Act of 1991 (hereafter "TCPA"), and the rules and regulations applicable thereto, as set forth in 47

C.F.R. § 64.1200 (hereafter the "Rules and Regulations"), in addition to violations of the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA"), the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* (hereafter "TILA"), and the rules and regulations applicable thereto, as set forth in 12 C.F.R. § 226.1, *et seq.* (hereafter "Regulation Z"), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.*, (hereafter "RESPA"), and the regulations applicable thereto, as set forth in 24 C.F.R. § 3500.01, *et seq.* (hereafter "RESPA Regulations"), and for common law Slander of Credit and Intentional Infliction of Emotional Distress.

4.    The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

5.    Plaintiffs are natural persons, and citizens of the State of Florida, residing in Hillsborough County, Florida.

6.    Plaintiffs are debtors and/or alleged debtors as that term is defined by section 559.55(2), Florida Statutes.

7.    Plaintiff ROY BRYAN is the "called party" with respect to the calls described herein. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012)

8.    At all times material hereto, Defendant FANNIE MAE was and is a foreign corporation, authorized to conduct business and conducting business in Florida, with its principal office in Washington, DC.

9.    At all times material hereto, Defendant SETERUS was and is a foreign corporation, authorized to conduct business and conducting business in Florida, with its principal office in Research Triangle Park, NC.

10.    At all times material hereto, Defendant SETERUS did transact business in Hillsborough County, Florida, as a "debt collector" as that term is defined by section 559.55(6), Florida Statutes. Defendant sought to collect an alleged debt from Plaintiffs that arose from a transaction incurred for personal, family or household purposes and is therefore a "consumer debt."

11.    At all times material hereto, Defendant FANNIE MAE did transact business in Hillsborough County, Florida, as a "debt collector" as that term is defined by section 559.55(6), Florida Statutes. Defendant sought to collect an alleged debt from Plaintiffs that arose from a transaction incurred for personal, family or household purposes and is therefore a "consumer debt."

12.    As described herein, Defendant FANNIE MAE and Defendant SETERUS employed business practices resulting in intentional harassment and abuse of the Plaintiffs and engaged in patterns of outrageous, abusive and harassing conduct by and through its agents and representatives in an effort to collect alleged debts from Plaintiffs.

13.    Defendant FANNIE MAE consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors for the alleged debt described herein.

14.    Defendant SETERUS consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates,

3

subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors for the alleged debt described herein.

15. On or about September 8, 2006, the BRYANS executed and delivered a promissory note to Crescent Mortgage Company in the amount of $100,000.00 (hereafter the "Note"), and a mortgage securing payment of the Note to Mortgage Electronic Registration Systems, Inc. (hereafter "MERS"), as nominee for Crescent Mortgage Company (hereafter the "Mortgage"). The Mortgage secured payment of the Note by a property with a street address of 4122 Leonard St., Valrico, Florida (hereafter the "Subject Property").

16. On or about May 8, 2013, MERS assigned the Mortgage to FANNIE MAE by executing an Assignment of Mortgage, which was recorded in the Hillsborough County Official Records at Book 21918, Page 1231, on or about June 4, 2013.

17. FANNIE MAE retained SETERUS to operate as a subservicer for the Subject Mortgage. SETERUS did not receive an assignment of record with respect to the Subject Mortgage.

18. In doing so, Defendant FANNIE MAE manifested assent that Defendant SETERUS would act as on its behalf as its agent subject to its control, and Defendant SETERUS manifested assent or otherwise consented so to act.

19. At all times relevant to this action Defendant FANNIE MAE was and is the "master servicer" of the Note and Mortgage, as defined by 15 U.S.C. § 1641(f)(3) and 24 C.F.R. § 3500.21(a). *See Runkle v. Fed. Nat. Mortg. Ass'n*, 2012 WL 6554755, *1 (S.D. Fla., December 10, 2012).

20.     At all times relevant to this action Defendant SETERUS was and is the "subservicer" of the Note and Mortgage, as defined by 15 U.S.C. § 1641(f)(3) and 24 C.F.R. § 3500.21(a). *See Runkle*, supra, 2012 WL 6554755 at *1.

21.     On or about October 1, 2011, QBE SPECIALTY INSURANCE (hereafter "QBE") issued for delivery to the BRYANS in Hillsborough County, Florida, a certain policy of dwelling hazard coverage on the above described property that is the subject of the main action, with a term of October 1, 2011 to October 1, 2012. The policy was numbered LRE 910071464, and was in full force and effect at all material times.

22.     On or about January 24, 2012, the Subject Property was totally destroyed by fire, which was a covered loss under the policy. The BRYANS duly made proof of loss under the terms, provisions and conditions of the policy.

23.     QBE undertook to adjust the loss, and in due course made payments totaling $76,990.76 to the order of the BRYANS and SETERUS, which the BRYANS duly endorsed to SETERUS in partial satisfaction of the debt secured by the Subject Mortgage. Copies of the above described checks are attached hereto as Exhibit "A."

24.     The BRYANS continued to make installment payments to SETERUS on the Subject Property through August, 2012, while repeatedly demanding that SETERUS provide a payoff figure on the Note and Mortgage, but SETERUS refused to supply Plaintiffs, the BRYANS, with the requested payoff information, in violation of the TILA and RESPA.

25.     On or about June 4, 2013, SETERUS, as the purported "servicer of the Loan for [FANNIE MAE]," filed a Verified Complaint thereby initiating foreclosure proceedings against the BRYANS arising out of the Mortgage on the Subject Property. A copy of the Verified Complaint is attached hereto as Exhibit "B."

26.     As may be seen in Paragraph (9) of the Verified Complaint, Defendant FANNIE

MAE, through its purported servicer, Defendant SETERUS, claims that the BRYANS owe

$92,672.31 as principal on the Note and Mortgage as of August 1, 2012, despite the fact that

QBE issued checks in the amount of $76,990.76 to the BRYANS and SETERUS, and Plaintiffs

endorsed said checks to SETERUS.

27.     Defendant SETERUS has engaged in collection conduct in violation of the TCPA

and FCCPA, and constituting intentional harassment and abuse of the Plaintiffs, by and through

its agents and representatives, on numerous occasions within the two (2) year period preceding

the filing of this action. As described herein, Defendant SETERUS implemented its unlawful

conduct by initiating calls to Plaintiff ROY BRYAN's cellular telephone number, (813) 478-

0887, regarding the alleged debt described herein. Plaintiff ROY BRYAN is the regular user and

carrier of the cellular telephone number at issue, (813) 478-0887, and was the called party and

recipient of Defendant SETERUS' above described calls.

28.     To date, Defendant SETERUS has placed approximately one-hundred (100) calls

to Plaintiff's aforementioned cellular telephone number.

29.     Within the two (2) year period preceding the filing of this action, Defendant

SETERUS intentionally harassed and abused the Plaintiffs and their family, on numerous

occasions by its agents and representatives calling Plaintiff's aforementioned cellular telephone

number several times during one day, up to five (5) times a day, and on back to back days, with

such frequency as can reasonably be expected to harass.

30.     Defendant SETERUS intentionally harassed and abused the Plaintiffs and their

family on numerous occasions, by and through its agents and representatives, by refusing to

provide adequate identification of the caller, refusing to provide adequate identification of the

6

caller's employer, by refusing to identify the source and amount of the alleged debt, and by refusing to provide a payoff figure for the Subject Mortgage and Note as requested by Plaintiffs.

31.     Upon information and belief, the telephone calls at issue were placed by Defendant SETERUS using an "automated telephone dialing system" or "auto dialer," which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers, as defined by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(2).

32.     Defendant SETERUS initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and defined by 47 U.S.C. § 64.1200(f)(15).

33.     Additionally, none of the telephone calls at issue were placed by Defendant SETERUS to Plaintiff's aforementioned cellular telephone for "emergency purposes" as specified by the TCPA and its Rules and Regulations, 47 U.S.C. §227 (b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and as defined by 47 U.S.C. § 64.1200(f)(4).

34.     Defendant SETERUS has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling Plaintiff's aforementioned cellular telephone number, as described herein.

35.     Defendant SETERUS willfully and/or knowingly violated the TCPA with respect to the Plaintiffs.

36.     Despite actual knowledge of its wrongdoing, Defendant SETERUS continued its campaign of abuse.

37.     Defendant SETERUS's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

38.     Defendant SETERUS has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

39.     Defendant SETERUS followed its corporate policy when attempting to communicate with the Plaintiffs.

40.     Defendant SETERUS has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiffs.

41.     Defendant SETERUS has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiffs over the relevant time period.

42.     As a direct and proximate result of Defendant SETERUS' acts or omissions, as set forth herein, Plaintiffs suffered compensatory, statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life.

43.     Plaintiffs' statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life pursuant to section 559.77, Florida Statutes, have continued and are continuing as of the filing of this complaint.

44.     All conditions precedent to the filing of this action have occurred.

## COUNT I

### (Violation of the TCPA against SETERUS)

45.     Plaintiff ROY BRYAN re-alleges paragraphs (1) through (44) as if fully restated herein and further states as follows:

46.     None of the calls at issue were placed by Defendant SETERUS to Plaintiff ROY BRYAN's cellular telephone number with the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and defined by 47 U.S.C. § 64.1200(f)(15).

47.     Furthermore, none of the calls at issue were placed by Defendant SETERUS to Plaintiff for "emergency purposes" as specified by the TCPA and its Rules and Regulations, 47 U.S.C. §227 (b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and as defined by 47 U.S.C. § 64.1200(f)(4).

48.     Defendant SETERUS willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing non-emergency calls to Plaintiff's cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, invitation or permission, as specifically prohibited by the TCPA and its Rules and Regulations, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. § 64.1200(a)(1).

49.     The TCPA provides Plaintiff with a private right of action against Defendant SETERUS for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff ROY BRYAN respectfully demands judgment against Defendant SETERUS for statutory damages, punitive damages, actual damages, an injunction

from similar conduct in the future, costs, interest, and such other relief as this Court deems just and proper.

## COUNT II
### (Violation of the TCPA against FANNIE MAE)

50.     Plaintiff ROY BRYAN re-alleges paragraphs (1) – (44) and (46) – (49) as if fully restated herein, and further states as follows:

51.     The telephone calls giving rise to the above described TCPA violations by Defendant FANNIE MAE's purported subservicer, Defendant SETERUS, were made "on behalf of" Defendant FANNIE MAE in that the calls at issue were intended to inure to the benefit of and further the interests of Defendant FANNIE MAE.

52.     Accordingly, Defendant FANNIE MAE is vicariously liable for the violations of the TCPA on the part of its agent, Defendant SETERUS, as described herein. *See* 23 F.C.C.R. 559, 565, 23 FCC Rcd. 559, 565, 43 Communications Reg. (P&F) 877, 2008 WL 6548528 at *3, at ¶ III(A)(10).

53.     The TCPA provides Plaintiff with a private right of action against Defendant FANNIE MAE for its violations of the TCPA, by and through its agent, Defendant SETERUS, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

54.     Accordingly, Defendant FANNIE MAE vicariously liable for the violations of the TCPA on the part of its agent, Defendant SETERUS, as described herein. *See* 23 F.C.C.R. 559, 565, 23 FCC Rcd. 559, 565, 43 Communications Reg. (P&F) 877, 2008 WL 6548528 at *3, at ¶ III(A)(10).

WHEREFORE, Plaintiff ROY BRYAN respectfully demands judgment against FANNIE MAE for statutory damages, punitive damages, actual damages, an injunction from similar conduct in the future, costs, interest, and such other relief as this Court deems just and proper.

### COUNT III

### (Violation of the Florida Consumer Collection Practices Act "FCCPA" against SETERUS)

55.     Plaintiffs re-allege paragraphs (1) through (44) as if fully restated herein and further state as follows:

56.     At all times relevant to this action, Defendant SETERUS is subject to and must abide by the law of Florida, including section 559.72, Florida Statutes.

57.     Defendant SETERUS engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully communicating with the Plaintiffs or any member of their family with such frequency as can reasonably be expected to harass the Plaintiffs.

58.     Defendant SETERUS engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse or harass the Plaintiffs.

59.     Defendant SETERUS engaged in an act or omission prohibited under section 559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

60.     Defendant SETERUS' actions have directly and proximately resulted in Plaintiffs' prior and continuing sustaining of damages as described by Florida Statutes § 559.77, including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment

of life; and attorney fees, interest and costs.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant SETERUS for statutory damages, punitive damages, actual damages, an injunction from similar conduct in the future, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

## COUNT IV

### (Violation of the Florida Consumer Collection Practices Act "FCCPA" against FANNIE MAE)

61.     Plaintiffs re-allege paragraphs (1) through (44) as if fully restated herein and further state as follows:

62.     At all times relevant to this action, Defendant FANNIE MAE is subject to and must abide by the law of Florida, including section 559.72, Florida Statutes.

63.     Defendant FANNIE MAE engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, through its agent, SETERUS, by willfully communicating with the Plaintiffs or any member of their family with such frequency as can reasonably be expected to harass the Plaintiffs.

64.     Defendant FANNIE MAE engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse or harass the Plaintiffs.

65.     Defendant FANNIE MAE engaged in an act or omission prohibited under section 559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

66.     Defendant FANNIE MAE is vicariously liable for the violations of the FCCPA on the part of its agent, Defendant SETERUS, as described herein.

67.     Defendant FANNIE MAE's actions have directly and proximately resulted in Plaintiffs' prior and continuing sustaining of damages as described by Florida Statutes § 559.77, including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorney fees, interest and costs.

WHEREFORE, Plaintiffs respectfully demands judgment against Defendant FANNIE MAE for statutory damages, punitive damages, actual damages, an injunction from similar conduct in the future, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

## COUNT V
### (Slander of Credit against SETERUS)

68.     Plaintiffs re-allege and incorporate paragraphs (1) – (44) above as if fully set forth herein.

69.     Defendant SETERUS reported the debt at issue to the Consumer Reporting Agencies as being delinquent in the amount of $92,672.31, resulting in the same being reflected on Plaintiffs' respective credit reports.

70.     The above described reports to the Consumer Reporting Agencies by Defendant SETERUS were false, as described herein.

71.     In making the above reports to the Consumer Reporting Agencies, Defendant SETERUS knew that they were false or exhibited a reckless and/or knowing disregard for their truth or falsity.

13

72. As a direct and proximate result of the above described false credit reports by Defendant SETERUS, Plaintiffs' credit scores and credit worthiness have been impaired.

73. As a direct and proximate result of the above described false credit report by Defendant SETERUS, Plaintiffs have suffered losses and damages.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant SETERUS for compensatory damages, punitive damages, costs, interest and such other relief as this Court deems just and proper.

<strong><u>COUNT VI</u></strong>
<strong>(Slander of Credit against FANNIE MAE)</strong>

74. Plaintiffs re-allege and incorporate paragraphs (1) – (44) above as if fully set forth herein.

75. Defendant FANNIE MAE reported the debt at issue to the Consumer Reporting Agencies as being delinquent in the amount of $92,672.31, resulting in the same being reflected on Plaintiffs' credit reports.

76. The above described reports to the Consumer Reporting Agencies by Defendant FANNIE MAE were false, as described herein.

77. In making the above reports to the Consumer Reporting Agencies, Defendant FANNIE MAE knew that they were false or exhibited a reckless and/or knowing disregard for their truth or falsity.

78. As a direct result of the above described false credit reports by Defendant FANNIE MAE, Plaintiffs' credit scores and credit worthiness have been impaired.

79. As a direct and proximate result of the above described false credit reports by Defendant FANNIE MAE, Plaintiffs have suffered losses and damages.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant FANNIE MAE for compensatory damages, punitive damages, costs, interest and such other relief as this Court deems just and proper.

**COUNT VII**

**(Violation of the Truth in Lending Act "TILA" against SETERUS)**

80.     Plaintiffs re-allege paragraphs (1) through (44) as if fully restated herein and further state as follows:

81.     At all times relevant to this action Defendant SETERUS is subject to and must abide by Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, (hereafter "TILA"), and the rules and regulations applicable thereto, as set forth in 12 C.F.R. § 226.1, *et seq.* (hereafter "Regulation Z").

82.     At all times relevant to this action Defendant FANNIE MAE was and is the "master servicer" of the Note and Mortgage, as defined by 15 U.S.C. § 1641(f)(3) and 24 C.F.R. § 3500.21(a). *See Runkle v. Fed. Nat. Mortg. Ass'n*, 2012 WL 6554755, *1 (S.D. Fla., December 10, 2012).

83.     At all times relevant to this action Defendant SETERUS was and is the "subservicer" of the Note and Mortgage, as defined by 15 U.S.C. § 1641(f)(3) and 24 C.F.R. § 3500.21(a). *See Runkle*, supra, 2012 WL 6554755 at *1.

84.     Defendant SETERUS engaged in an act or omission prohibited under 15 U.S.C. § 1639(*l*)(2) of the TILA, and 12 C.F.R. § 226.36(c)(1)(iii) of Regulation Z, by failing to provide Plaintiffs with an accurate statement of the total outstanding balance that would be required to satisfy the Plaintiffs' obligation under the Note and Mortgage in full as of the date such requests were made, as described herein.

85.     Defendant SETERUS engaged in an act or omission prohibited under 5 U.S.C. §

1641(f)(2) of the TILA, by failing provide the Plaintiffs with the name, address and telephone number of the owner of the obligation or the master servicer of the obligation, to the best knowledge of SETERUS, upon Plaintiffs' written request for same.

86.     As a direct and proximate result of the above described violations of the TILA by Defendant SETERUS, Plaintiffs have suffered losses and damages.

87.     The TILA provides Plaintiffs with a private right of action against Defendant SETERUS for its violations of the TILA, as described herein, pursuant to 15 U.S.C. § 1640, and permits recovery of statutory damages, actual damages, attorneys' fees and costs incurred by Plaintiffs.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant SETERUS for statutory damages, actual damages, attorneys' fees, costs, interest, and such other relief as this Court deems just and proper.

## COUNT VIII
### (Violation of the Truth in Lending Act "TILA" against FANNIE MAE)

88.     Plaintiffs re-allege paragraphs (1) through (44) as if fully restated herein and further state as follows:

89.     At all times relevant to this action Defendant FANNIE MAE is subject to and must abide by the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, (hereafter "TILA"), and the rules and regulations applicable thereto, as set forth in 12 C.F.R. § 226.1, *et seq.* (hereafter "Regulation Z").

90.     At all times relevant to this action Defendant FANNIE MAE was and is the "master servicer" of the Note and Mortgage, as defined by 15 U.S.C. § 1641(f)(3) and 24 C.F.R. § 3500.21(a). *See Runkle*, supra, 2012 WL 6554755 at *1.

91.     At all times relevant to this action Defendant SETERUS was and is the "subservicer" of the Note and Mortgage, as defined by 15 U.S.C. § 1641(f)(3) and 24 C.F.R. § 3500.21(a). *See Runkle*, supra, 2012 WL 6554755 at *1.

92.     Defendant FANNIE MAE engaged in an act or omission prohibited under 15 U.S.C. § 1639(*l*)(2)of the TILA, and 12 C.F.R. § 226.36(c)(1)(iii) of Regulation Z, by the failure of its subservicer, SETERUS, to provide the Plaintiffs with an accurate statement of the total outstanding balance that would be required to satisfy the Plaintiffs' obligation under the Note and Mortgage in full as of the date such requests were made, as described herein.

93.     Defendant FANNIE MAE engaged in an act or omission prohibited under 5 U.S.C. § 1641(f)(2) of the TILA, by the failure of its subservicer, SETERUS, to provide the Plaintiffs with the name, address and telephone number of the owner of the obligation or the master servicer of the obligation, to the best knowledge of SETERUS, upon Plaintiffs' written request for same.

94.     As a direct and proximate result of the above described violations of the TILA by Defendant FANNIE MAE, Plaintiffs have suffered losses and damages.

95.     The TILA provides Plaintiffs with a private right of action against Defendant FANNIE MAE for its violations of the TILA, as described herein, pursuant to 15 U.S.C. § 1640, and permits recovery of statutory damages, actual damages, attorneys' fees and costs incurred by Plaintiffs.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant FANNIE MAE for statutory damages, actual damages, attorneys' fees, costs, interest, and such other relief as this Court deems just and proper.

## COUNT IX
### (Violation of the Real Estate Settlement

17

Procedures Act "RESPA" against SETERUS)

96.    Plaintiffs re-allege paragraphs (1) through (44) as if fully restated herein and further state as follows:

97.    At all times relevant to this action Defendant SETERUS is subject to and must abide by the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.*, (hereafter "RESPA") and the and the regulations applicable thereto, as set forth in 24 C.F.R. § 3500.21 (hereafter "RESPA Regulations").

98.    At all times relevant to this action Defendant FANNIE MAE was and is the "master servicer" of the Note and Mortgage, as defined by 24 C.F.R. § 3500.21(a).

99.    At all times relevant to this action Defendant SETERUS was and is the "subservicer" of the Note and Mortgage, as defined by 24 C.F.R. § 3500.21(a).

100.    Defendant SETERUS engaged in an act or omission prohibited under 12 U.S.C. § 2605(k)(1)(C) by failing to take timely action to respond to Plaintiffs' requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties, as described herein.

101.    Defendant SETERUS engaged in an act or omission prohibited under 12 U.S.C. § 2605(k)(1)(D) by failing to respond within 10 business days to a request from Plaintiffs to provide the identity, address, and other relevant contact information about the owner or assignee of the loan, as described herein.

102.    As a direct and proximate result of the above described violations of RESPA by Defendant SETERUS, Plaintiffs have suffered losses and damages.

103.    RESPA provides Plaintiffs with a private right of action against Defendant SETERUS for its violations of RESPA, as described herein, pursuant to 12 U.S.C. § 2605(f), and

permits recovery of statutory damages, actual damages, attorneys' fees and costs incurred by Plaintiffs.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant SETERUS for statutory damages, actual damages, attorneys' fees, costs, interest, and such other relief as this Court deems just and proper.

## COUNT X
### (Violation of the Real Estate Settlement
### Procedures Act "RESPA" against FANNIE MAE)

104.    Plaintiffs re-allege paragraphs (1) through (44) as if fully restated herein and further state as follows:

105.    At all times relevant to this action Defendant FANNIE MAE is subject to and must abide by the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.*, (hereafter "RESPA") and the and the regulations applicable thereto, as set forth in 24 C.F.R. § 3500.21 (hereafter "RESPA Regulations").

106.    At all times relevant to this action Defendant FANNIE MAE was and is the "master servicer" of the Note and Mortgage, as defined by 24 C.F.R. § 3500.21(a).

107.    At all times relevant to this action Defendant SETERUS was and is the "subservicer" of the Note and Mortgage, as defined by 24 C.F.R. § 3500.21(a).

108.    Defendant FANNIE MAE engaged in an act or omission prohibited under 12 U.S.C. § 2605(k)(1)(C) by the failure of its subservicer, Defendant SETERUS, to take timely action to respond to Plaintiffs' requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties, as described herein.

109.    Defendant FANNIE MAE engaged in an act or omission prohibited under 12

U.S.C. § 2605(k)(1)(D) by the failure of its subservicer, Defendant SETERUS, to respond within 10 business days to a request from Plaintiffs to provide the identity, address, and other relevant contact information about the owner or assignee of the loan, as described herein.

110.    As a direct and proximate result of the above described violations of RESPA by Defendant FANNIE MAE, Plaintiffs have suffered losses and damages.

111.    RESPA provides Plaintiffs with a private right of action against Defendant FANNIE MAE for its violations of RESPA, as described herein, pursuant to 12 U.S.C. § 2605(f), and permits recovery of statutory damages, actual damages, attorneys' fees and costs incurred by Plaintiffs.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant FANNIE MAE for statutory damages, actual damages, attorneys' fees, costs, interest, and such other relief as this Court deems just and proper.

## COUNT XI
### (Intentional Infliction of Emotional Distress against SETERUS)

112.    Plaintiffs re-allege paragraphs (1) through (44) above as if fully set forth herein, and further states:

113.    The outrageous conduct of Defendant SETERUS individually, and through its employees, agents, representatives and collectors, as described herein, deliberately, recklessly and/or intentionally inflicted emotional distress on the Plaintiff.

114.    The outrageous conduct of Defendant SETERUS, as described herein, was directed at Plaintiff by and through Defendant's employees, agents, apparent agents or other persons acting to benefit and further the interests of Defendant SETERUS, and acting in the course and scope of their employment or agency with Defendant SETERUS.

115.    As a direct and proximate result of the outrageous conduct of Defendant SETERUS, as described herein, Plaintiff sustained mental pain and suffering, emotional distress, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully demands a trial by jury of all issues so triable and judgment against Defendant SETERUS for compensatory damages, punitive damages, costs, interest and such other relief as this Court deems just and proper.

## COUNT XII

### (Intentional Infliction of Emotional Distress against FANNIE MAE)

116.    Plaintiffs re-allege paragraphs (1) through (44) above as if fully set forth herein, and further states:

117.    The outrageous conduct of Defendant FANNIE MAE individually, and through its employees, agents, representatives and collectors, as described herein, deliberately, recklessly and/or intentionally inflicted emotional distress on the Plaintiff.

118.    The outrageous conduct of Defendant FANNIE MAE, as described herein, was directed at Plaintiff by and through Defendant's employees, agents, apparent agents or other persons acting to benefit and further the interests of Defendant FANNIE MAE, and acting in the course and scope of their employment or agency with Defendant FANNIE MAE.

119.    As a direct and proximate result of the outrageous conduct of Defendant FANNIE MAE, as described herein, Plaintiff sustained mental pain and suffering, emotional distress, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully demands a trial by jury of all issues so triable and judgment against Defendant FANNIE MAE for compensatory damages, punitive damages, costs, interest and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable.

David P. Mitchell, Esquire
Florida Bar No. 067249
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4725
Primary: DMitchell@ForThePeople.com
Secondary: VMarrreo@ForThePeople.com
Counsel for Plaintiffs

12153243

**QBE Specialty Insurance Company**
210 Interstate North Parkway, Suite 400, Atlanta, GA 30339

537573

07/27/2012     11-24
                1210

Pay   Thirty-Four Thousand One Hundred Twenty-Three and 00/100 Dollars******     **$34,123.00**

JUL 3 0 2012

To The Seterus, Inc. and Roy Bryan
Order
Of

VOID 180 DAYS FROM ISSUE

CLAIMS ACCOUNT

Wells Fargo Bank          Claim Number: 2012051225
420 Montgomery St
San Francisco, CA 94104

⑈537573⑈ ⑆121000248⑈ 4121 847339⑈

---

1215324 3

**QBE Specialty Insurance Company**
210 Interstate North Parkway, Suite 400, Atlanta, GA 30339

532737

MAR 2 9 2012          03/28/2012     11-24
                                      1210

Pay   Forty-Two Thousand Three Hundred Sixty-Seven and 76/100 Dollars******     **$42,367.76**

VOID 180 DAYS FROM ISSUE

To The Seterus, Inc. and Roy Bryan and Norma Bryan
Order          Multiple endorsements are  CLAIMS ACCOUNT
Of             required to cash this draft

Wells Fargo Bank          Claim Number: 2012051225
420 Montgomery St
San Francisco, CA 94104

⑈532737⑈ ⑆121000248⑈ 4121 847339⑈



EXHIBIT

A

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL
CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

                          Plaintiff,                    CASE NO.: 13-0007954

vs.

NORMA E. BRYAN A/K/A NORMA E. MAPLES; ROY
A. BRYAN; UNKNOWN TENANT(S) IN POSSESSION #1
and #2, and ALL OTHER UNKNOWN PARTIES,
including, if a named Defendant is deceased, the personal
representatives, the surviving spouse, heirs, devisees,
grantees, creditors, and all other parties claiming, by,
through, under or against that Defendant, and all claimants,
persons or parties, natural or corporate, or whose exact legal
status is unknown, claiming under any of the above named or
described Defendants,

                          Defendant(s).
_____/

## VERIFIED COMPLAINT

Plaintiff, FEDERAL NATIONAL MORTGAGE ASSOCIATION, (hereinafter referred to as "Plaintiff")
by and through undersigned counsel, hereby sues Defendants, NORMA E. BRYAN A/K/A NORMA E. MAPLES;
ROY A. BRYAN; UNKNOWN TENANT(S) IN POSSESSION #1 and #2, and ALL OTHER UNKNOWN
PARTIES, including, if a named Defendant is deceased, the personal representatives, the surviving spouse, heirs,
devisees, grantees, creditors, and all other parties claiming, by, through, under or against that Defendant, and all
claimants, persons or parties, natural or corporate, or whose exact legal status is unknown, claiming under any of the
above named or described Defendants, and alleges:

### COUNT I - FORECLOSURE

1.  This is an action to foreclose a mortgage on real property located in Hillsborough County, Florida. All
    conditions precedent to the filing of this matter have been completed and/or waived.

2.  The subject property is owned by Defendant(s), NORMA E. BRYAN A/K/A NORMA E. MAPLES, who
    hold(s) possession.

3.  Defendant(s), UNKNOWN TENANT(S) IN POSSESSION, Occupants, 4122 Leonard Street, Valrico, FL
    33594, may claim some interest in the subject property by virtue of their possession or occupancy of the same;
    however, said interest, if any, is subordinate, junior, and inferior to the lien of Plaintiff's mortgage.

4.  In addition to all other named Defendants, the unknown spouses, heirs, devisees, grantees, assignees, creditors,
    trustee, successors in interest or other parties claiming an interest in the subject property by, through or against
    any of said defendants, whether natural or corporate, who are not known to be alive or dead, dissolved or
    existing, are joined as Defendants herein. The claims of any of said parties are subject, subordinate, and inferior
    to the interests of Plaintiff.

5.  On September 08, 2006, Defendant(s), NORMA E. BRYAN A/K/A NORMA E. MAPLES AND ROY A.
    BRYAN, executed and delivered a promissory note and Defendant(s), NORMA E. BRYAN A/K/A NORMA
    E. MAPLES AND ROY A. BRYAN, executed and delivered a mortgage securing payment of the note to
    Mortgage Electronic Registration Systems, Inc. solely as nominee for Crescent Mortgage Company. The
    mortgage was recorded on September 11, 2009, in Official Records Book 16933 at Page 302 of the public

13-36864

**EXHIBIT B**

records of Hillsborough County, Florida, and mortgaged the property described in the mortgage then owned by and in possession of the mortgagor(s). (A copy of the mortgage and a copy of the note being attached hereto as Exhibits "A" and "B.")

6.  Federal National Mortgage Association is the owner of the note. Seterus, Inc. is the servicer of the Loan for Plaintiff, Federal National Mortgage Association. Plaintiff has authorized Seterus, Inc. to bring this present action and execute the verification on behalf of Plaintiff.

7.  Defendant(s), NORMA E. BRYAN A/K/A  NORMA E. MAPLES AND ROY A. BRYAN, defaulted under the note and mortgage by failing to pay the payment due September 01, 2012, and all subsequent payments.

8.  Plaintiff declares the full amount payable under the note and mortgage to be due.

9.  Defendant(s), NORMA E. BRYAN A/K/A  NORMA E. MAPLES AND ROY A. BRYAN, owe(s) Plaintiff **$92,672.31** that is due in principal on the note and mortgage, interest from August 01, 2012, and title search expense for ascertaining necessary parties to this action. Said indebtedness has been accelerated pursuant to the terms of the subject note and mortgage.

10. Plaintiff is obligated to pay its attorneys a reasonable fee for their services and is entitled to recover its attorney's fees pursuant to Florida Statute and the promissory note.

   **WHEREFORE,** Plaintiff, FEDERAL NATIONAL MORTGAGE ASSOCIATION, requests a judgment foreclosing the mortgage and subordinate liens and/or Unknown Spouse and Tenant(s) in Possessions' interests in the property and its costs and reasonable attorney's fees, and if the proceeds of the sale are insufficient to pay Plaintiff's claim and the borrower(s) has not been discharged in bankruptcy, a deficiency judgment.

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

*Elizabeth Myers*

Seterus, Inc., as servicer for FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FNMA")

Name: *Elizabeth Myers*
Title: *Foreclosure Specialist*
Date: *5/29/13*

POPKIN & ROSALER, P.A.
Attorney for Plaintiff
1701 West Hillsboro Boulevard, Suite 400
Deerfield Beach, FL 33442
Telephone: (954) 360-9030
Facsimile: (954) 420-5187

Dated: **JUN 0 4 2013**

By: _____
   BRIAN L. ROSALER
   Florida Bar No.: 0174882
   RICHARD P. COHN
   Florida Bar No.: 0093459
   Designated primary email address:
   pleadings@popkinrosaler.com

THIS COMMUNICATION, FROM A DEBT COLLECTOR, IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

2

13-36864

This notice is Required by the Fair Debts Collection Practices Act (the "Act") 15 U.S.C. §§1692 *et seq.*, as amended.

1.   The Plaintiff as named in the attached summons and complaint is the creditor to whom the debt is owed or is the servicing agent for the creditor to whom the debt is owed.

2.   The debtor may dispute the validity of this debt, or any portion thereof, within thirty (30) days of receipt of this Notice. If the debtor fails to dispute the debt within thirty (30) days, the debt will be assumed valid by the debt collector.

3.   If the debtor notifies the debt collector within thirty (30) days from receipt of this notice that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt, or a copy of a judgment and a copy of the verification will be mailed to the debtor by the debt collector law firm.

4.   The name of the original creditor is set forth in the mortgage and note attached hereto, if the creditor named as Plaintiff in the attached summons and complaint is not the original creditor, and if the debtor makes a written request to the debt collector within thirty (30) days from the receipt of this notice, the address of the original creditor will be mailed to the debtor by the debt collector.

5.   As of the date affixed to the Complaint filed herein, the amount of the debt is stated in the attached Complaint attached hereto. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, please contact the law firm listed below.

6.   Written request required by this Act should be addressed to:

     **POPKIN & ROSALER, P.A.**
     Attention: Brian L. Rosaler, Esquire
     1701 West Hillsboro Boulevard, Ste. 400
     Deerfield Beach, FL 33442
     (954) 360-9030
     fax (954) 420-5187

7.   This communication is for the purpose of collecting a debt, and any information obtained from the debtor will be used for that purpose.

8.   The law does not require me (the debt collector) to wait until the end of the thirty (30) day period before suing you (the consumer) to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty (30) day period which begins with your receipt of this notice, the law requires me to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you.

13-36864

3