UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORMA E. BRYAN A/K/A NORMA E.
MAPLES; ROY A. BRYAN,

                         CASE NO.: 8:14-cv-00307-RAL-TGW

      Plaintiffs,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION and SETERUS, INC.,

      Defendants.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, NORMA E. BRYAN, A/K/A NORMA E. MAPLES, and ROY A. BRYAN (hereafter "the BRYANS"), sue Defendant, FEDERAL NATIONAL MORTGAGE ASSOCIATION and Defendant SETERUS, INC., and respectfully allege as follows:

## JURISDICTION AND VENUE

1.      This is a civil action for money damages in an amount that exceeds $75,000, exclusive of costs, interest, and attorneys' fees.

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and pursuant to 15 U.S.C. § 1692k(d) and/or pursuant to 28 U.S.C. § 1367 for pendant state law claims.

3.      Plaintiffs bring this action to recover statutorily prescribed damages for acts on the part of Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION (hereafter "FANNIE MAE") and Defendant SETERUS, INC. (hereafter "SETERUS") in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq*., (hereafter "TCPA"), the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter

"FCCPA"), the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* (hereafter "TILA"), and the rules and regulations applicable thereto, 12 C.F.R. § 226.1, *et seq.,* and 12 C.F.R. § 1026.1, *et seq.* (hereafter "Regulation Z"), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.,* (hereafter "RESPA"), and the rules and regulations applicable thereto, 24 C.F.R. § 3500.01, *et seq.,* and 12 C.F.R. 1024.30, *et seq.* (hereafter "Regulation X"), and for common law Slander of Credit.

4.      The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

5.      Plaintiffs are natural persons, and citizens of the State of Florida, residing in Hillsborough County, Florida.

6.      Plaintiffs are debtors and/or alleged debtors as that term is defined by section 559.55(2), Florida Statutes.

7.      Plaintiff ROY BRYAN is the "called party" with respect to the calls described herein. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012)

8.      At all times material hereto, Defendant FANNIE MAE was and is a foreign corporation, authorized to conduct business and conducting business in Florida, with its principal office in Washington, DC.

9.      At all times material hereto, Defendant SETERUS was and is a foreign corporation, authorized to conduct business and conducting business in Florida, with its principal office in Research Triangle Park, NC.

10.     At all times material hereto, Defendant SETERUS did transact business in Hillsborough County, Florida, as a "debt collector" as that term is defined by section 559.55(6), Florida Statutes. Defendant sought to collect an alleged debt from Plaintiffs that arose from a transaction incurred for personal, family or household purposes and is therefore a "consumer debt."

11.     At all times material hereto, Defendant FANNIE MAE did transact business in Hillsborough County, Florida, as a "debt collector" as that term is defined by section 559.55(6), Florida Statutes. Defendant sought to collect an alleged debt from Plaintiffs that arose from a transaction incurred for personal, family or household purposes and is therefore a "consumer debt."

12.     As described herein, Defendant FANNIE MAE and Defendant SETERUS employed business practices resulting in intentional harassment and abuse of the Plaintiffs and engaged in patterns of outrageous, abusive and harassing conduct by and through its agents and representatives in an effort to collect alleged debts from Plaintiffs.

13.     Defendant FANNIE MAE consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors for the alleged debt described herein.

14.     Defendant SETERUS consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors for the alleged debt described herein.

15. On or about September 8, 2006, the Plaintiffs executed and delivered a promissory note to Crescent Mortgage Company in the amount of $100,000.00 (hereafter the "Note"), and a mortgage securing payment of the Note to Mortgage Electronic Registration Systems, Inc. (hereafter "MERS"), as nominee for Crescent Mortgage Company (hereafter the "Mortgage"). The Mortgage secured payment of the Note by a property with a street address of 4122 Leonard St., Valrico, Florida (hereafter the "Subject Property").

16. On or about May 8, 2013, MERS assigned the Mortgage to Defendant FANNIE MAE by executing an Assignment of Mortgage, which was recorded in the Hillsborough County Official Records at Book 21918, Page 1231, on or about June 4, 2013. Accordingly, Defendant FANNIE MAE is and was at all material times the "Assignee" of the Mortgage loan.

17. Defendant FANNIE MAE subsequently retained Defendant SETERUS to operate as a "subservicer" for the Subject Mortgage. Defendant SETERUS did not receive an assignment of record with respect to the Mortgage loan.

18. In doing so, Defendant FANNIE MAE manifested assent that Defendant SETERUS would act as on its behalf as its agent subject to its control, and Defendant SETERUS manifested assent or otherwise consented so to act.

19. At all times relevant to this action Defendant FANNIE MAE was and is the "master servicer" of the Mortgage loan, as defined by 15 U.S.C. § 1641(f)(3) and 24 C.F.R. § 3500.21(a). *See* Runkle v. Fed. Nat. Mortg. Ass'n, 905 F.Supp.2d 1326 (S.D. Fla. 2012), reconsideration granted, Runkle v. Fed. Nat. Mortg. Ass'n, 2012 WL 6554755, *1 (S.D. Fla. 2012).

20.     At all times relevant to this action Defendant SETERUS was and is the "subservicer" of the Mortgage loan, as defined by 15 U.S.C. § 1641(f)(3) and 24 C.F.R. § 3500.21(a). *See* Runkle, supra, 2012 WL 6554755 at *1.

21.     On or about October 1, 2011, QBE Specialty Insurance Company (hereafter "QBE") issued for delivery to the Plaintiffs in Hillsborough County, Florida, a certain policy of dwelling hazard coverage on the Subject Property, with a term of October 1, 2011 to October 1, 2012. The policy was numbered LRE 910071464, and was in full force and effect at all material times.

22.     On or about January 24, 2012, the Subject Property was totally destroyed by fire, which was a covered loss under the policy. The Plaintiffs duly made proof of loss under the terms, provisions and conditions of the policy.

23.     QBE undertook to adjust the loss, and in due course made payments totaling $76,990.76 to the order of the Plaintiffs and SETERUS, which the Plaintiffs duly endorsed to Defendant SETERUS in partial satisfaction of the Mortgage loan.

24.     The Plaintiffs continued to make installment payments to Defendant SETERUS on the Mortgage loan through August, 2012, while repeatedly demanding that Defendant SETERUS provide a payoff figure on the Mortgage loan, but Defendant SETERUS refused to supply Plaintiffs with the requested payoff information, in violation of the TILA and RESPA.

25.     On or about June 4, 2013, Defendant SETERUS, as the purported "servicer of the Loan for [FANNIE MAE]," filed a Verified Complaint in this action, thereby initiating foreclosure proceedings against the Plaintiffs arising out of the Mortgage loan on the Subject Property.

26.     As may be seen in Paragraph (9) of the Verified Complaint, Defendant FANNIE MAE, through its purported servicer, Defendant SETERUS, claims that the Plaintiffs owe $92,672.31 as principal on the Mortgage loan as of August 1, 2012, despite the fact that QBE issued checks in the amount of $76,990.76 to the Plaintiffs and SETERUS, and Plaintiffs endorsed said checks to Defendant SETERUS.

27.     Defendant SETERUS has engaged in collection conduct in violation of the TCPA and FCCPA, and constituting intentional harassment and abuse of the Plaintiffs, by and through its agents and representatives, on numerous occasions within the two (2) year period preceding the filing of this action. As described herein, Defendant SETERUS implemented its unlawful conduct by initiating calls to Plaintiff ROY BRYAN's cellular telephone number, (813) 478-0887, regarding the alleged debt described herein. Plaintiff ROY BRYAN is the regular user and carrier of the cellular telephone number at issue, (813) 478-0887, and was the called party and recipient of Defendant SETERUS' above described calls.

28.     To date, Defendant SETERUS has placed approximately one-hundred (100) calls to Plaintiff's aforementioned cellular telephone number.

29.     Within the two (2) year period preceding the filing of this action, Defendant SETERUS intentionally harassed and abused the Plaintiffs and their family, on numerous occasions by its agents and representatives calling Plaintiff's aforementioned cellular telephone number several times during one day, up to five (5) times a day, and on back to back days, with such frequency as can reasonably be expected to harass.

30.     Defendant SETERUS intentionally harassed and abused the Plaintiffs and their family on numerous occasions, by and through its agents and representatives, by refusing to provide adequate identification of the caller, refusing to provide adequate identification of the

caller's employer, by refusing to identify the source and amount of the alleged debt, and by refusing to provide a payoff figure for the Subject Mortgage and Note as requested by Plaintiffs.

31.     Upon information and belief, the telephone calls at issue were placed by Defendant SETERUS using an "automated telephone dialing system" or "auto dialer," which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers, as defined by the TCPA, 47 U.S.C. § 227(a)(1).

32.     Defendant SETERUS initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

33.     Additionally, none of the telephone calls at issue were placed by Defendant SETERUS to Plaintiff's aforementioned cellular telephone for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

34.     Defendant SETERUS has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling Plaintiff's aforementioned cellular telephone number, as described herein.

35.     Defendant SETERUS willfully and/or knowingly violated the TCPA with respect to the Plaintiffs.

36.     Despite actual knowledge of its wrongdoing, Defendant SETERUS continued its campaign of abuse.

37.     Defendant SETERUS's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

38.     Defendant SETERUS has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

39.     Defendant SETERUS followed its corporate policy when attempting to communicate with the Plaintiffs.

40.     Defendant SETERUS has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiffs over the relevant time period.

41.     Defendants SETERUS and FANNIE MAE have been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiffs.

42.     As a direct and proximate result of the acts or omissions on the part of Defendants SETERUS and FANNIE MAE, as set forth herein, Plaintiffs have suffered compensatory, statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life.

43.     Plaintiffs' statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life pursuant to section 559.77, Florida Statutes, 12 U.S.C. § 2605(f), and 15 U.S.C. § 1640 have continued and are continuing as of the filing of this complaint.

44.     All conditions precedent to the filing of this action have occurred.

### COUNT I
**(Violation of the TCPA against SETERUS)**

45.     Plaintiffs re-allege paragraphs (1) through (44) as if fully restated herein and further state as follows:

46.     None of the calls at issue were placed by Defendant SETERUS to Plaintiff ROY BRYAN's cellular telephone number with the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

47.     Furthermore, none of the calls at issue were placed by Defendant SETERUS to Plaintiff for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

48.     Defendant SETERUS willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing non-emergency calls to Plaintiff's cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, invitation or permission, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

49.     The TCPA provides Plaintiff with a private right of action against Defendant SETERUS for its violations of the TCPA, as described herein, pursuant to 47 U.S.C. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant SETERUS for statutory damages, actual damages, an injunction from similar conduct in the future, costs, interest, and such other relief as this Court deems just and proper.

## COUNT II
### (Violation of the TCPA against FANNIE MAE)

50.     Plaintiffs re-allege paragraphs (1) – (44) and (46) – (49) as if fully restated herein, and further state as follows:

51.     The telephone calls giving rise to the above described TCPA violations by Defendant FANNIE MAE's purported subservicer, Defendant SETERUS, were made on behalf of Defendant FANNIE MAE in that the calls at issue were intended to inure to the benefit of and further the interests of Defendant FANNIE MAE.

52.     In retaining Defendant SETERUS as its subservicer, Defendant FANNIE MAE manifested assent that Defendant SETERUS would act as on its behalf as its agent subject to its control, and Defendant SETERUS manifested assent or otherwise consented so to act.

53.     Accordingly, Defendant FANNIE MAE is vicariously liable for the violations of the TCPA on the part of its agent, Defendant SETERUS, as described herein. *See* Cellco P'ship v. Plaza Resorts Inc., 12-81238-CIV, 2013 WL 5436553, *6 (S.D. Fla. 2013).

54.     The TCPA provides Plaintiff with a private right of action against Defendant FANNIE MAE for its violations of the TCPA, by and through its agent, Defendant SETERUS, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiffs respectfully demand judgment against FANNIE MAE for statutory damages, actual damages, an injunction from similar conduct in the future, costs, interest, and such other relief as this Court deems just and proper.

## <u>COUNT III</u>
### (Violation of the FCCPA against SETERUS)

55.     Plaintiffs re-allege paragraphs (1) through (44) as if fully restated herein and further state as follows:

56.     At all times relevant to this action, Defendant SETERUS is subject to and must abide by the law of Florida, including section 559.72, Florida Statutes.

57.     Defendant SETERUS engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully communicating with the Plaintiffs or any member of their family with such frequency as can reasonably be expected to harass the Plaintiffs.

58.     Defendant SETERUS engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be

expected to abuse the Plaintiffs.

59.     Defendant SETERUS engaged in an act or omission prohibited under section 559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

60.     Defendant SETERUS' actions have directly and proximately resulted in Plaintiffs' prior and continuing sustaining of damages as described by Florida Statutes § 559.77, including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorney fees, interest and costs.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant SETERUS for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

## COUNT IV
### (Violation of the FCCPA against FANNIE MAE)

61.     Plaintiffs re-allege paragraphs (1) through (44) as if fully restated herein and further state as follows:

62.     At all times relevant to this action, Defendant FANNIE MAE is subject to and must abide by the law of Florida, including section 559.72, Florida Statutes.

63.     Defendant FANNIE MAE engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiffs.

64.     Defendant FANNIE MAE engaged in an act or omission prohibited under section

559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

65.     Defendant FANNIE MAE's actions have directly and proximately resulted in Plaintiffs' prior and continuing sustaining of damages as described by Florida Statutes § 559.77, including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorney fees, interest and costs.

WHEREFORE, Plaintiffs respectfully demands judgment against Defendant FANNIE MAE for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

## COUNT V
### (Slander of Credit against SETERUS)

66.     Plaintiffs re-allege and incorporate paragraphs (1) – (44) above as if fully set forth herein.

67.     Defendant SETERUS reported the debt at issue to the Consumer Reporting Agencies as being delinquent in the amount of $92,672.31, resulting in the same being reflected on Plaintiffs' credit reports.

68.     The above described reports to the Consumer Reporting Agencies by Defendant SETERUS were false, as described herein.

69.     In making the above reports to the Consumer Reporting Agencies, Defendant SETERUS knew that they were false or exhibited a reckless and/or knowing disregard for their truth or falsity.

70.     As a direct and proximate result of the above described false credit reports by Defendant SETERUS, Plaintiffs' credit scores and credit worthiness have been impaired.

71.     As a direct and proximate result of the above described false credit report by Defendant SETERUS, Plaintiffs have suffered losses and damages.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant SETERUS for compensatory damages, punitive damages, costs, interest and such other relief as this Court deems just and proper.

## COUNT VI
### (Slander of Credit against FANNIE MAE)

72.     Plaintiffs re-allege and incorporate paragraphs (1) – (44) above as if fully set forth herein.

73.     Defendant FANNIE MAE reported the debt at issue to the Consumer Reporting Agencies as being delinquent in the amount of $92,672.31, resulting in the same being reflected on Plaintiffs' credit reports.

74.     The above described reports to the Consumer Reporting Agencies by Defendant FANNIE MAE were false, as described herein.

75.     In making the above reports to the Consumer Reporting Agencies, Defendant FANNIE MAE knew that they were false or exhibited a reckless and/or knowing disregard for their truth or falsity.

76.     As a direct result of the above described false credit reports by Defendant FANNIE MAE, Plaintiffs' credit scores and credit worthiness have been impaired.

77.     As a direct and proximate result of the above described false credit reports by Defendant FANNIE MAE, Plaintiffs have suffered losses and damages.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant FANNIE MAE for compensatory damages, punitive damages, costs, interest and such other relief as this Court deems just and proper.

## COUNT VII
### (Violation of TILA against FANNIE MAE)

78.     Plaintiffs re-allege paragraphs (1) through (44) as if fully restated herein and further state as follows:

79.     At all times relevant to this action Defendant FANNIE MAE is subject to and must abide by the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, (hereafter "TILA"), and the rules and regulations applicable thereto, as set forth in 12 C.F.R. § 226.1, *et seq.*, and 12 C.F.R. § 1026.1, *et seq.* (hereafter "Regulation Z").

80.     At all times relevant to this action Defendant FANNIE MAE was and is the Assignee of the Mortgage loan at issue.

81.     At all times relevant to this action Defendant FANNIE MAE was and is the "master servicer" of the Mortgage loan, as defined by 15 U.S.C. § 1641(f)(3) and 24 C.F.R. § 3500.21(a). *See* <u>Runkle</u>, supra, 2012 WL 6554755 at *1.

82.     At all times relevant to this action Defendant SETERUS was and is the "subservicer" of the Mortgage loan, as defined by 15 U.S.C. § 1641(f)(3) and 24 C.F.R. § 3500.21(a). *See* <u>Runkle</u>, supra, 2012 WL 6554755 at *1.

83.     Defendant FANNIE MAE is liable for the failure of its subservicer, SETERUS, to credit the payment to the Plaintiffs' Mortgage loan account as of the date of receipt, resulting in charges to the Plaintiffs and the reporting of negative information to the Consumer Reporting Agencies, as described herein, in violation of 12 C.F.R. § 226.36(c)(1)(i) and 12 C.F.R. § 1026.36(c)(1)(i).

84.     Defendant FANNIE MAE is liable for the failure of its subservicer, SETERUS, to provide the Plaintiffs with an accurate statement of the total outstanding balance that would be required to satisfy the Plaintiffs' obligation under the Note and Mortgage in full as of the date such requests were made, as described herein, in violation of 12 C.F.R. § 226.36(c)(1)(iii) and 12 C.F.R. § 1026.36(c)(3).

85.     Defendant FANNIE MAE is liable for the failure of its subservicer, SETERUS, to provide the Plaintiffs with the name, address and telephone number of the owner of the obligation or the master servicer of the obligation, to the best knowledge of SETERUS, upon Plaintiffs' written request for same, in violation of 15 U.S.C. § 1641(f)(2).

86.     As a direct and proximate result of the above described violations of TILA and Regulation Z, Plaintiffs have suffered losses and damages.

87.     The TILA provides Plaintiffs with a private right of action against Defendant FANNIE MAE, as Assignee of the Mortgage loan, for its subservicer's violations of TILA and Regulation Z, as described herein, pursuant to 15 U.S.C. § 1640, and permits recovery of statutory damages, actual damages, attorneys' fees and costs incurred by Plaintiffs.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant FANNIE MAE for statutory damages, actual damages, attorneys' fees, costs, interest, and such other relief as this Court deems just and proper.

## COUNT VIII
### (Violation of RESPA against SETERUS)

88.     Plaintiffs re-allege paragraphs (1) through (44) as if fully restated herein and further state as follows:

89.     At all times relevant to this action Defendant SETERUS is subject to and must abide by the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq*., (hereafter

"RESPA") and the and the regulations applicable thereto, as set forth in 24 C.F.R. § 3500.1, *et seq.*, and 12 C.F.R. § 1024.30, *et seq.* (hereafter "Regulation X").

90.    At all times relevant to this action Defendant FANNIE MAE was and is the "master servicer" of the Note and Mortgage, as defined by 24 C.F.R. § 3500.21(a).

91.    At all times relevant to this action Defendant SETERUS was and is the "subservicer" of the Note and Mortgage, as defined by 24 C.F.R. § 3500.21(a).

92.    Defendant SETERUS engaged in an act or omission prohibited under 12 U.S.C. § 2605(k)(1)(C) and 12 C.F.R. §§ 1024.35 – 1024.36, by failing to take timely action to respond to Plaintiffs' requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties, as described herein.

93.    Defendant SETERUS engaged in an act or omission prohibited under 12 U.S.C. § 2605(k)(1)(D) and 12 C.F.R. § 1024.36(2), by failing to respond within 10 business days to a request from Plaintiffs to provide the identity, address, and other relevant contact information about the owner or assignee of the loan, as described herein.

94.    As a direct and proximate result of the above described violations of RESPA and Regulation X by Defendant SETERUS, Plaintiffs have suffered losses and damages.

95.    RESPA provides Plaintiffs with a private right of action against Defendant SETERUS for its violations of RESPA, as described herein, pursuant to 12 U.S.C. § 2605(f), and permits recovery of statutory damages, actual damages, attorneys' fees and costs incurred by Plaintiffs.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant SETERUS for statutory damages, actual damages, attorneys' fees, costs, interest, and such other relief as this Court deems just and proper.

## COUNT IX
### (Violation of RESPA against FANNIE MAE)

96.     Plaintiffs re-allege paragraphs (1) through (44) as if fully restated herein and further state as follows:

97.     At all times relevant to this action Defendant FANNIE MAE is subject to and must abide by the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.*, (hereafter "RESPA") and the and the regulations applicable thereto, as set forth in 24 C.F.R. § 3500.1, *et seq.*, and 12 C.F.R. § 1024.30, *et seq.* (hereafter "Regulation X").

98.     At all times relevant to this action Defendant FANNIE MAE was and is the "master servicer" of the Note and Mortgage, as defined by 24 C.F.R. § 3500.21(a).

99.     At all times relevant to this action Defendant SETERUS was and is the "subservicer" of the Note and Mortgage, as defined by 24 C.F.R. § 3500.21(a).

100.     Defendant FANNIE MAE engaged in an act or omission prohibited under 12 U.S.C. § 2605(k)(1)(C) or and 12 C.F.R. §§ 1024.35 – 1024.36, by the failure of its subservicer, Defendant SETERUS, to take timely action to respond to Plaintiffs' requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties, as described herein.

101.     Defendant FANNIE MAE engaged in an act or omission prohibited under 12 U.S.C. § 2605(k)(1)(D) and 12 C.F.R. § 1024.36(2), by the failure of its subservicer, Defendant SETERUS, to respond within 10 business days to a request from Plaintiffs to provide the identity, address, and other relevant contact information about the owner or assignee of the loan,

as described herein.

102.    As a direct and proximate result of the above described violations of RESPA by Defendant FANNIE MAE, Plaintiffs have suffered losses and damages.

103.    RESPA provides Plaintiffs with a private right of action against Defendant FANNIE MAE for its violations of RESPA, as described herein, pursuant to 12 U.S.C. § 2605(f), and permits recovery of statutory damages, actual damages, attorneys' fees and costs incurred by Plaintiffs.

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant FANNIE MAE for statutory damages, actual damages, attorneys' fees, costs, interest, and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

I hereby certify that on this day, May 15, 2014, a true and correct copy of the foregoing document and all referenced exhibits was served via CM/ECF on all interested parties.

> /s/*David P. Mitchell*
> David P. Mitchell, Esquire
> Florida Bar No.:  067249
> Morgan & Morgan, Tampa,  P.A.
> One Tampa City Center
> 201 N. Franklin Street, 7th Floor
> Tampa, FL 33602
> Tele:  (813) 223-5505
> Fax:  (813) 222-4725
> Primary:  DMitchell@ForThePeople.com
> Secondary: VMarrreo@ForThePeople.com
> Secondary: PMitchell@ForThePeople.com
> Counsel for Plaintiffs