UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORMA E. BRYAN and ROY A. BRYAN,

        Plaintiffs,

v.                                Case No. 8:14-cv-307-T-26TGW

FEDERAL NATIONAL MORTGAGE
ASSOCIATION and SETERUS, INC.

        Defendant.

_____/

## DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW

Federal National Mortgage Association ("Fannie Mae") and Seterus, Inc. ("Seterus") (collectively, "Defendants") move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Counts VII, VIII, and IX of Plaintiff Norma Bryan and Roy. A. Bryan's ("Plaintiffs") Amended Complaint for the reasons that follow:

### Introduction

In response to Defendants' first Partial Motion to Dismiss, Plaintiffs filed their Amended Complaint. The Amended Complaint withdraws the Intentional Infliction of Emotional Distress ("IIED") allegations, as well as the federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA") allegations against Seterus. The Amended Complaint also changes the TILA allegations against Fannie Mae, asserting that Fannie Mae is the assignee of the mortgage loan at issue. *See* Am. Compl., ¶ 80 [D.E. 16]. The Amended Complaint should still be dismissed.

Despite the amendments, Plaintiffs' TILA allegations, as well as their federal Real Estate Settlement Procedure Act, 15 U.S.C. ¶ 2605, *et seq.* ("RESPA") allegations, still fail to state any claim upon which relief may be granted.

This Court should dismiss Plaintiffs' amended TILA allegations against Fannie Mae for five reasons.

First, Plaintiffs do not make any allegations of any violation of TILA occurring after August 2012. *See* Am. Compl. [D.E. 16]. Plaintiffs did not file this action until February 6, 2014. *See* Compl., [D.E. 1]. Accordingly, all of Plaintiffs' TILA allegations are barred by TILA's one-year statute of limitations. *See* 15 U.S.C. § 1640(e).

Second, there is no allegation that Fannie Mae itself violated TILA. Instead, all of the TILA allegations against Fannie Mae are only derivative of alleged conduct by Seterus, and Seterus is no longer sued under TILA. Even if Seterus had violated TILA, which it did not, this Court should apply the plain language of TILA and decline to impose vicarious liability on Fannie Mae for the alleged actions of Seterus. *See, e.g., Kievman v. Federal National Mortgage Assoc.*, 901 F. Supp. 2d 1348, 1352-53 (S.D. Fla. 2012); *Holcomb*, No. 10-81186-CIV-HURLEY/HOPKINS, 2011 U.S. Dist. LEXIS 123935, *21-*22 (S.D. Fla. Oct. 26, 2011).

Third, Plaintiffs' allegations under 12 C.F.R. § 226.36(c)(1)(i) and (iii), which are merely implementing regulations for 15 U.S.C. § 1639(l)(2) ("section 1639(l)(2)"), also fail because none of the statutory predicates for liability under section 1639(l)(2) are present here. *See, e.g.*, *Montano v. Wells Fargo Bank N.A.*, 2012 U.S. Dist. LEXIS 155434 (S.D. Fla. Oct. 23, 2012).

Fourth, TILA does not provide a private right of action against Fannie Mae under the circumstances alleged here. *See* 15 U.S.C. §§ 1640, 1641. Plaintiffs do not allege that Fannie Mae is a "creditor," as required for liability under 15 U.S.C. § 1640. In addition, Plaintiffs do not allege that any of the supposed violations at issue here were "apparent on the face of the disclosure statement provided" under TILA, as required for assignee liability under 15 U.S.C. § 1641(e).

Fifth, Plaintiffs fail to recognize that 12 C.F.R. § 1026.36(c)(1)(i) and 12 C.F.R. § 1026.36(c)(3) did not go into effect until January 10, 2014. *See* 78 Fed. Reg. 10902, 11019-11020 (Feb. 14, 2013) (a copy attached hereto as Ex. A). Plaintiffs do not allege any conduct that occurred on or after January 10, 2014. *See* Am. Compl. [D.E. 16]. Therefore, these regulatory provisions do not apply here.

Plaintiffs' RESPA claims against Defendants similarly fail. Plaintiffs allege Defendants violated 12 U.S.C. § 2605(k)(1)(C) and (D), and 12 C.F.R. §§ 1024.35-1024.36. *See* Am. Compl., ¶¶ 92-93, 100-101. However, these provisions also did not go into effect until January 10, 2014. *See, e.g., Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1145 n.3 (10th Cir. 2013); Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, § 1400(c), 124 Stat. 1376, 2182 (2010) ("Dodd-Frank"). Again, Plaintiffs fail to allege any conduct occurring on or after January 10, 2014. *See* Am. Compl. [D.E. 16]. Plaintiffs cannot obtain relief under statutory or regulatory provisions that were not yet in effect.

Plaintiffs' also fail to properly allege they suffered actual damages, as required under RESPA. *See, e.g.,* 12 U.S.C. § 2605(f)(1)(A) and (B); *Frazile v. EMC Mort. Corp.*, 382 Fed. Appx. 833, 836 (11th Cir. Jun. 11, 2010) (per curiam).

For all these reasons, Counts VII, VIII, and IX should be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), and without leave to amend.

### Background

Plaintiffs attempt to allege that Defendants violated: (1) the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"); (2) the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.* ("FCCPA"); (3) TILA, specifically, 15 U.S.C. §

1641(f)(2) and the regulations set forth in 12 C.F.R. § 226.1, *et seq.* ("Regulation Z"); (4) the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA"), specifically, 12 U.S.C. § 2605(K)(1)(C) and (D), and the regulations set forth in 24 C.F.R. § 3500.01. Plaintiffs also attempt to assert common law claims for "Slander of Credit."

Fannie Mae is not alleged to have itself violated any law. Instead, all of the allegations against Fannie Mae are based solely upon a purported agency relationship between Fannie Mae and Seterus. *See* Am. Compl., ¶¶ 13-14, 17-18.

Plaintiffs' purported claims are based on Seterus's alleged communications to Plaintiff Roy Bryan's cell phone (*see* Am. Compl., ¶¶ 27-30), Seterus's alleged failure to provide a payoff figure on the subject mortgage loan (*id.*, ¶¶ 24, 84), Seterus's alleged failure to provide the name, address and telephone number of the owner of the subject mortgage loan (*id.*, ¶ 93), and Seterus's alleged failure to take timely action to respond to Plaintiffs' requests to correct errors relating to relocation of payments, and failing to respond to a request to provide information about the owner or assignee of the subject mortgage loan (*id.*, ¶¶ 100-101).

Plaintiffs specifically allege that they "continued to make installment payments to [Seterus] on the Mortgage loan through August, 2012, while repeatedly demanding that [Seterus] provide a payoff figure on the Mortgage loan, but [Seterus] refused to supply Plaintiffs with the requested payoff information, in violation of the TILA and RESPA." *Id.*, ¶ 24.

Defendants move to dismiss Count VII (alleged violation of TILA against Fannie Mae), Count VIII (alleged violation of RESPA against Seterus), and Count IX (alleged violation of RESPA against Fannie Mae) pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiffs fail to state a valid cause of action.

For the reasons more fully discussed below, Count VII (alleged TILA violation against

Fannie Mae), Count VIII (alleged RESPA violation against Seterus), and Count IX (alleged violation of RESPA against Fannie Mae) all fail as a matter of law, and cannot be cured by amendment.

Defendants also request an extension of time to respond to the remaining counts of Plaintiffs' Amended Complaint, pending the Court's ruling on this Partial Motion to Dismiss.

## Argument

### I.     Standard For Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Stillwell v. Allstate Insurance Co*., 663 F. 3d 1329, 1333 (11th Cir. 2011); quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)).

Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555.

### II.     Plaintiffs Have No TILA Claim Against Fannie Mae (Count VII).

#### A.     Plaintiffs' TILA Allegations Are All Time-Barred.

First, Plaintiffs' TILA claim is barred by the one-year statute of limitations. *See* 15 U.S.C. § 1640(e). Plaintiffs allege only that they made installment payments on the subject mortgage loan through August of 2012. *See* Am. Compl., ¶ 24. There is no allegation of any TILA violation occurring after August of 2012. The original complaint was filed on February 6, 2014 (*see* D.E. 1). Accordingly, any alleged violation of TILA is barred by the one-year statute of limitations.

Plaintiffs allege they are entitled to damages under TILA pursuant to 15 U.S.C. § 1640 ("section 1640"). *See* Am. Compl., ¶ 87. The statute of limitations governing TILA claims for damages provides in pertinent part:

> (e) Jurisdiction of courts; limitations on actions; State attorney general enforcement. Except as provided in the subsequent sentence, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, **within one year from the date of the occurrence of the violation**…

*See* 15 U.S.C. § 1640(e) (emphasis added).

Plaintiffs allege they continued to make payments on their mortgage loan only "through August, 2012, while repeatedly demanding that [Seterus] provide a payoff figure on the Mortgage loan, but [Seterus] refused to supply Plaintiffs with the requested payoff information, in violation of the TILA and RESPA." Am. Compl., ¶ 24. Plaintiffs assert that Fannie Mae is liable for Seterus's alleged TILA violations based only upon this alleged conduct taking place on or before August 2012. *See* Am. Compl., ¶¶ 83-85. However, Plaintiffs did not file this action until February 6, 2014, over one year after the alleged conduct supposedly occurred.

Although the Eleventh Circuit has held that the one-year statute of limitations for TILA claims is subject to equitable tolling, Plaintiffs make no allegations that would even suggest equitable tolling might somehow apply here. *See, e.g., Ellis v. GMAC*, 160 F.3d 703, 708 (11th Cir. Ala. 1998); Am. Compl. [D.E. 16].

Accordingly, all of Plaintiffs' TILA allegations are barred by the one-year statute of limitations. *See* 15 U.S.C. § 1640(e). Count VII should be dismissed with prejudice.

**B.      Fannie Mae Is Not Vicariously Liable for Seterus's Alleged TILA Violations.**

Even if Plaintiffs' TILA allegations were not time-barred, which they are, Plaintiffs' TILA allegations still fail because the plain language of TILA and its implementing regulations do not provide for vicarious liability. In their TILA allegations against Fannie Mae, Plaintiffs

incorrectly assert that Fannie Mae is responsible for Seterus's alleged TILA violations.  *See* Am. Compl., ¶¶ 83-85.  Plaintiffs only allege that Seterus violated TILA.  Plaintiffs do not assert that Fannie Mae independently violated TILA.

Plaintiffs assert that Fannie Mae is vicariously liable for Seterus's alleged violation of 15 U.S.C. § 1641(f)(2).  The statutory language of 15 U.S.C. § 1641(f)(2) provides as follows:

(2) Servicer not treated as owner on basis of assignment for administrative convenience.

A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation. Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation.

*See* 15 U.S.C. § 1641(f)(2).  However, only Seterus – and not Fannie Mae – is alleged to have violated 15 U.S.C. § 1641(f)(2).  *See* Am. Compl., ¶ 85.  The plain language of the statute does not make Fannie Mae vicariously liable for Seterus's alleged conduct.

Plaintiffs also assert that Fannie Mae is vicariously liable for Seterus's alleged violation of 12 C.F.R. § 226.36(c)(1)(i) and (iii).  Prior to amendments that became effective after the alleged conduct here supposedly occurred, the language of these regulations provided:

(c) Servicing Practices.

(1) In connection with a consumer credit transaction secured by a consumer's principal dwelling, no servicer shall –

(i) Fail to credit a payment to the consumer's loan account as of the date of receipt, except when a delay in crediting does not result in any charge to the consumer or in the reporting of negative information to a consumer reporting agency, or except as provided in paragraph (c)(2) of this section;

* * *

(iii) Fail to provide, within a reasonable time after receiving a request from the consumer or any person acting on behalf of the consumer, an accurate statement of the total outstanding balance that would be required to satisfy the consumer's obligation in

full as of a specified date.

*See* 12 C.F.R. § 226.36(c)(1)(i), (iii) (eff. Oct. 1, 2009 – Jan. 9, 2014).  However, Plaintiffs again only allege that Seterus supposedly violated 12 C.F.R. § 226.36(c)(1)(i) and (iii), and do not allege any such violation by Fannie Mae.  *See* Am. Compl., ¶¶ 83, 84.  The plain language of these regulations does not make Fannie Mae vicariously liable for Seterus's alleged conduct.

This Court should apply the plain language of TILA, and decline to impose vicarious liability.  The Eleventh Circuit held when interpreting TILA that "[t]he starting point for interpreting a statute is the language of the statute itself."  *Consolidated Bank, N.A. v. United States Department of the Treasury*, 118 F. 3d 1461, 1463 (11th Cir. 1997), quoting *Consumer Prod. Safety Comm'n v. GTW Sylvania*, 447 U.S. 102, 108, 100 S. Ct. 2051, 2056 (1980).  "Courts must assume that Congress intended the ordinary meaning of the words it used, and absent a clearly expressed legislative intent to the contrary, that language is generally dispositive."  *Consolidated Bank, N.A.*, 118 F. 3d at 1463, citing *Gonzalez v. McNary*, 980 F.2d 1418, 1420 (11th Cir. 1993).

Although TILA is construed liberally, "[t]he Act should not be construed to impose civil liability on the basis of an interpretation of technical disclosure requirements without clear foundation in either statutory language or policy."  *Shroder v. Suburban Coastal Corp*., 550 F. Supp. 377, 382 (S.D. Fla. 1982), quoting *Barbieri v. Commercial Credit Loans, Inc*., 596 F. 2d 660, 662 (5th Cir. 1979).  Moreover, courts "must avoid reaching beyond the purpose of the TILA in search of a violation."  *Id*., quoting *Williams v. Western Pacific Financial Corp*., 643 2d 331, 338 (5th Cir. 1981).  In short, courts should "presume Congress said what it meant." *Bankston v. Then*, 615 F. 3d 1364, 1368 (11th Cir. 2010).

Defendants acknowledge that certain opinions have strayed from the plain language of

TILA, and found that vicarious liability exists. *See Cenat v. U.S. Bank, N.A.,* 12-80663-CIV, 2013 U.S. Dist. LEXIS 39351 (S.D. Fla. Mar. 18, 2013); *Danier v. Federal National Mortgage Assoc.*, No. 12-62354, 2013 U.S. Dist. LEXIS 16701 (S.D. Fla. Feb. 7, 2013); *St. Breux v. U.S. Bank National Assoc.*, No. 12-61613, 2013 U.S. Dist. LEXIS 18775 (S.D. Fla. Jan. 29, 2013); *Runkle v. Federal National Mortgage Assoc.*, No. 12-61247, 2012 U.S. Dist. LEXIS 168358 (S.D. Fla. Nov. 16, 2012); *Montano v. Wells Fargo Bank, N.A.*, 12-80718, 2012 U.S. Dist. LEXIS 155434 (S.D. Fla. Oct. 23, 2012); *Santos v. Federal National Mortgage Home Ass'n*, 2012 U.S. Dist. LEXIS 130150 (S.D. Fla., Sept. 6, 2012); *Kissinger v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 123639 (S.D. Fla., Aug. 30, 2012); *Galeano v. Federal Home Loan Mortgage Corp.*, 2012 U.S. Dist. LEXIS 117860 (S.D. Fla., Aug. 21, 2012); *Khan v. The Bank of New York Mellon*, 849 F. Supp. 2d 1377 (S.D. Fla. 2012).

However, other opinions have properly adhered to the plain language of TILA, and held that TILA does not provide for vicarious liability. *See, e.g., Kievman v. Federal National Mortgage Assoc.*, 901 F. Supp. 2d 1348, 1352-53 (S.D. Fla. 2012); *Holcomb*, 2011 U.S. Dist. LEXIS 123935, *21-*22.

In a well-reasoned opinion, the court in *Holcomb* acknowledged that "TILA presents an apparent conundrum by imposing an obligation on servicers to provide information on request but also absolving servicers of any liability under TILA where the servicers are not also the owners of the obligations." *Holcomb*, 2011 U.S. Dist. LEXIS 123935, *20.

The *Holcomb* court noted that Congress's approach, through section 1641(g), "has not been to apply agency principles to TILA but rather to add provisions imposing an affirmative duty on transferees -- including assignees -- to notify borrowers in writing of the transfer." *Id.*

Accordingly, the *Holcomb* court "decline[d] to expand liability for violations of §

1641(f)(2) beyond that indicated by the text of the statute and thereby increase the risk that lenders [*sic*] might 'convert TILA from a shield protecting consumers into a sword allowing them to strike lenders who have followed the statute and its regulations as closely as logic permits' by making improperly motivated requests for information." *Holcomb*, 2011 U.S. Dist. LEXIS 123935, *22, quoting *Hefferman v. Bitton*, 882 F. 2d 379, 382 (9th Cir. 1989).

In fact, as another Court noted, "[i]nstead of being used as a shield, however, plaintiffs' lawyers have used TILA to spawn a cottage industry of lawsuit farming by sending requests for information and, without further inquiry, suing creditors and servicers for technical violations of the statute." *Guillaume v. Federal National Mortgage Association*, 928 F. Supp. 2d 1337, 1341 (S.D. Fla. 2013).

This Court should apply the same sound logic used in *Kievman* and *Holcomb*, and adhere to the plain language of TILA. *See, e.g.*, *Bankston*, 615 F. 3d at 1368; *Consolidated Bank, N.A.*, 118 F. 3d at 1463. Because the plain language of TILA does not provide for vicarious liability, Fannie Mae cannot be vicariously liable for Seterus's alleged TILA violation.

All of Plaintiffs' TILA allegations against Fannie Mae therefore fail as a matter of law. Accordingly, this Court should dismiss Count VII of Plaintiffs' Complaint with prejudice, and without leave to amend.

**C.     Plaintiffs Fail to State a Claim for Violation of 12 C.F.R. § 226.36(c)(1)(i) or (iii).**

Plaintiffs fail to state a claim under either or both 12 C.F.R. § 226.36(c)(1)(i) or (iii), because these provisions do not apply under the facts alleged in this case. Accordingly, to the extent that Count VII attempts to allege a violation of 12 C.F.R. § 226.36(c)(1)(i) or (iii), this Court should dismiss these allegations with prejudice.

For their TILA allegations, Plaintiffs assert that Fannie Mae is liable for the alleged

failure of Seterus "to credit the payment to the Plaintiffs' Mortgage loan account as of the date of receipt, resulting in charges to the Plaintiffs and the reporting of negative information to the Consumer Reporting Agencies, as described herein, in violation of 12 C.F.R. § 226.36(c)(1)(i) and 12 C.F.R. § 1026.36(c)(1)(i)," and the alleged failure of Seterus "to provide the Plaintiffs with an accurate statement of the total outstanding balance that would be required to satisfy the Plaintiffs' obligation under the Note and Mortgage… in violation of 12 C.F.R. § 226.36(c)(1)(iii) and 12 C.F.R. § 1026.36(c)(3)." *See* Am. Compl., ¶¶ 83, 84.

In promulgating 12 C.F.R. § 226.36(c)(1)(i) and (iii), the Board of Governors of the Federal Reserve System ("FRB") specifically asserted that the acts prohibited under section 226.36(c) were "unfair," and therefore subject to protection under 15 U.S.C. § 1639(l)(2) (2008) (now codified at 15 U.S.C. § 1639(p)(2)) ("section 1639(l)(2)"). *See* 73 Fed. Reg. 44522, 44570 (July 30, 2008) (copy attached hereto as Ex. B).

In July 2008, when the FRB promulgated its payment crediting and payoff statement rules at 12 C.F.R. § 226.36(c)(1)(i) and (iii), the statutory language of section 1639(l)(2) provided as follows:

(2) Prohibitions

The Board, by regulation or order, shall prohibit acts or practices in connection with –

(A) mortgage loans that the Board finds to be unfair, deceptive, or designed to evade the provisions of **this section**; and
(B) **refinancing** of mortgage loans that the Board finds to be associated with abusive lending practices, or that are otherwise not in the interest of the borrower.

*See* 15 U.S.C. § 1639(l)(2) (2008) (emphasis added).

Thus, section 1639(l)(2) is the statutory provision that provides the basis for the FRB's payment crediting and payoff statement rules at 12 C.F.R. § 226.36(c)(1)(i) and (iii). *See* 73 Fed. Reg. 44522, 44570 (July 30, 2008) (copy attached hereto as Ex. A). There can be no liability for

alleged violation of 12 C.F.R. § 226.36(c)(1)(i) or (iii), except through the statutory provision under which the FRB based its rule.

Plaintiffs' Amended Complaint does not even reference 15 U.S.C. § 1639(l)(2).  *See* Am. Compl. [D.E. 16].  For this reason alone, Plaintiffs fail to state a claim for violation of 12 C.F.R. § 226.36(c)(1)(i) or (iii) as a matter of law.

Moreover, none of the statutory predicates for liability under section 1639(l)(2) are present here.  Section 1639 generally applies to high cost mortgages referred to in HOEPA.  *See* 15 U.S.C. § 1602(aa); 15 U.S.C. § 1639; *Montano v. Wells Fargo Bank N.A.*, 2012 U.S. Dist. LEXIS 155434 (S.D. Fla. Oct. 23, 2012).  Plaintiffs make no allegation whatsoever that the Subject Loan meets the definitional requirements of 15 U.S.C. § 1602(aa).  Plaintiffs also do not even allege that they were applying for a refinancing loan at any relevant time.

HOEPA subjects lenders and assignees to liability only for certain "high-cost" mortgage loans as defined in 15 U.S.C. § 1602(aa).  *See* 15 U.S.C §§ 1639 (requirements to mortgage loans subject to Section 1602(aa)), 1640(a)(4) (liability for lenders as to mortgage loans defined in Section 1602(aa)), 1641(d)(1) (assignee liability as to mortgage loans defined in Section 1602(aa)).  In turn, HOEPA defines the "high-cost" mortgage loans that are covered by its provisions as having a specifically high "annual percentage rate," or as having a specifically high amount of "points and fees."  *See* 15 U.S.C. § 1602(aa)(1).

Plaintiffs do not allege that that their mortgage loan meets HOEPA's definitional requirements at 15 U.S.C. § 1602(aa).  Plaintiffs do not allege any facts to suggest that their mortgage loan exceeded the annual percentage rate trigger.  *See* 15 U.S.C. § 1602(aa)(1)(A). Nor do Plaintiffs allege any facts to suggest that their mortgage loan exceeded the "total points and fees" trigger.  *See* 15 U.S.C. § 1602(aa)(1)(B).

In addition, Plaintiffs also do not even allege that any of Seterus's supposed acts or practices occurred "in connection with" any "refinancing," as required under 15 U.S.C. § 1639(l)(2)(B) (2008).

Plaintiffs do not even reference section 1639(l)(2). Even if they had, none of the statutory prerequisites for liability under section 1639(l)(2) are even allegedly present here. Accordingly, section 1639(l)(2) does not apply as a matter of law. Plaintiffs therefore fail to allege a TILA violation against Fannie Mae due to the supposed failure of Seterus to comply with the FRB's payment crediting and payoff statement rules promulgated under section 1639(l)(2). The Court should dismiss these allegations.

**D.      TILA Does Not Provide a Private Right of Action Against Fannie Mae Here.**

Additionally, even if Plaintiffs' TILA allegations were somehow not time-barred, and even if Plaintiffs could otherwise assert TILA liability against Fannie Mae for the alleged violation of Seterus, Plaintiffs still have no TILA claim against Fannie Mae. This is because TILA does not provide Plaintiffs with a private right of action under the circumstances alleged here. *See* 15 U.S.C. §§ 1640, 1641.

Plaintiffs allege they are entitled to damages for the supposed violation of TILA and its implementing regulations pursuant to 15 U.S.C. § 1640 ("section 1640"). *See* Am. Compl., ¶ 87. However, section 1640(a) only allows for claims against "any **creditor** who fails to comply with any requirement imposed under this part." *See* 15 U.S.C. 1640(a) (emphasis added).

Under Plaintiff's own allegations, neither Fannie Mae nor Seterus is a "creditor." *See* 15 U.S.C. § 1602(g). Under TILA, the term "creditor" is defined as follows in relevant portion:

> The term "creditor" refers only to a person who **both** (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, **and** (2) is the person to whom the debt arising from the

consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

15 U.S.C. § 1602(g) (emphasis added).

Nowhere do Plaintiffs allege that either Fannie Mae or Seterus "regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required," as required in order for Defendants to be the "creditor" under TILA for the Subject Loan.

Nor do Plaintiffs anywhere allege that either Fannie Mae or Seterus "is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement," as also required in order for Defendants to be the "creditor" under TILA for the Subject Loan.

Plaintiffs do not anywhere allege that either Seterus or Fannie Mae is a "creditor" as defined under TILA. Accordingly, Fannie Mae cannot be liable for Seterus's supposed TILA violation under TILA or its implementing regulations, because such violations may only be asserted against "creditors" under section 1640(a). *See* 15 U.S.C. 1640(a).

Rather than alleging that Fannie Mae is a "creditor," Plaintiffs allege that Fannie Mae "is and was at all material times the 'Assignee of'" their mortgage loan. *See* Am. Compl., ¶ 16. However, TILA liability for assignees of mortgage loans is specifically limited to violations that are "apparent on the face of the disclosure statement" provided under TILA. *See* 15 U.S.C. § 1641(e). There is no allegation here that any of the supposed TILA violations were somehow "apparent on the face of the disclosure statement," as required. *Id.* Therefore, Fannie Mae has no liability here as an assignee of the mortgage loan, either.

In fact, the U.S. District Court for the Southern District of Florida recently affirmed that

there is no such assignee liability under TILA. *See, e.g., Alaimo v. HSBC Mortg. Servs.*, No. 13-62437-Civ-SCOLA, 2014 U.S. Dist. LEXIS 33210 (S.D. Fla. Mar. 10, 2014). *Accord*, *Lewis v. Greentree Mortg. Serv.*, 51 Fed. Appx. 68 (2d Cir. Nov. 21, 2002) (unpublished opinion) ("there was no violation of [TILA] on the face of the mortgage documents that would render [the appellee's] liable as an assignee of the loan, *see* 15 U.S.C. § 1641(e)(1).").

In granting a motion to dismiss a TILA claim under 15 U.S.C. § 1641(f)(2), the court in *Alaimo* held that the plain language of section 1641 "limits civil actions under TILA against assignees to those in which the violation is apparent on the face of documents generated in connection with the origination of the loan…" *Id.*, *7. The *Alaimo* court specifically recognized that it "may be more difficult for consumers to take advantage of TILA's protections" but that the court "will not take on a legislative function." *Id. Accord, Signori v. Fed. Nat.'l Mortg. Assoc.*, 934 F. Supp. 2d 1364 (S.D. Fla. 2013).

Although *Alaimo* dealt specifically with an alleged violation of section 1641(f)(2), its holding -- that TILA claims against assignees must be apparent on the face of the disclosure statement – applies more broadly. As cited by the *Alaimo* court, section 1641(a) provides: "[e]xcept as otherwise specifically provided in this title [15 U.S.C. §§ 1601 et seq.], any civil action for a violation of this title [15 U.S.C. §§ 1601 et seq.] or proceeding under section 108 [15 U.S.C. § 1607] which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a).

Both sections 1641(a) and (e) contain similar provisions requiring that the alleged violation be apparent on the face of the loan documents. *See* 15 U.S.C. § 1641(e)(1)(a) (any civil action against a creditor for violation of this title may be maintained against an assignee of such

creditor only if "the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement provided in connection with such transaction pursuant to this title…").

Accordingly, because there is no allegation that any of the alleged TILA violations are apparent on the face of the disclosure statement provided under TILA, the TILA allegations all fail. *See* 15 U.S.C. § 1640(a) and (e); *Alaimo*, at *7.

Significantly, interpreting TILA in accordance with its plain language does not leave TILA's requirements without any mechanism for enforcement. Although private rights of action are plainly limited, Congress permitted the Bureau of Consumer Financial Protection and numerous other federal agencies to enforce TILA. *See* 15 U.S.C. § 1607. In addition, state regulators and state attorneys general may also enforce TILA's requirements. *See, e.g*., 12 U.S.C. § 5538(b); 15 U.S.C. § 1640(e); Fla. Stat. § 494.00255 (Florida administrative liability for violation of TILA).

As a matter of law, Plaintiffs do not -- and cannot -- state a TILA claim against Fannie Mae for the alleged violations of Seterus at issue here. Therefore, this Court should dismiss Count VII of the Amended Complaint with prejudice, and without leave to amend.

**E.      Plaintiff Have No Claim Under 12 C.F.R. §§ 1026.36(c)(1)(i) or (c)(3).**

Lastly, Plaintiffs' references to 12 C.F.R. § 1026.36(c)(1)(i) and 12 C.F.R. § 1026.36(c)(3) are misplaced. These regulations did not go into effect until January 10, 2014. *See* 78 Fed. Reg. 10902, 11019-11020 (Ex. A hereto). Plaintiffs do not allege any conduct that occurred on or after January 10, 2014. *See* Am. Compl. [D.E. 16].

Even if Plaintiffs had alleged conduct occurring after the effective date of the newly promulgated TILA regulations, which they have not, any alleged violations of these new

regulations would still suffer the same defects discussed above – *i.e.*, Plaintiffs' TILA allegations would still be time-barred, Fannie Mae would still have no vicarious liability for the alleged actions of Seterus under TILA, and Plaintiffs still would have no private right of action against Fannie Mae under the circumstances alleged here.

Therefore, Plaintiffs' TILA allegations should all be dismissed with prejudice and without leave to amend.

## II.     Plaintiffs' RESPA Allegations Fail (Counts VIII and IX).

Plaintiffs' allegations in Counts VIII and IX for supposed violation of RESPA also fail, because the statutory provisions that Plaintiffs' allege Defendants violated did not go into effect until January 10, 2014, and Plaintiffs allege no conduct after this date. Moreover, Plaintiffs have not sufficiently alleged they suffered actual damages, as required for RESPA claims. *See, e.g.,* 12 U.S.C. § 2605(f)(1)(A) and (B); *Frazile v. EMC Mort. Corp.*, 382 Fed. Appx. 833, 836 (11th Cir. Jun. 11, 2010) (per curiam).

Accordingly, this Court should dismiss Plaintiffs' RESPA claims against Seterus (Count VIII) and Fannie Mae (Count IX) with prejudice and without leave to amend.

### A.     Plaintiffs Fail to Allege Any Violation of 12 U.S.C. § 2605(k)(1)(C) or (D).

Plaintiffs assert that Defendants violated 12 U.S.C. § 2605(k)(1)(C) and (D). However, these provisions did not go into effect until January 10, 2014. "In July of 2010, RESPA was amended by Congress to reduce the time period under section 2605(e)(1)(A) from twenty days to five days, and the time period under section 2605(e)(2) from sixty days to thirty days." *Steele v. Quantum Servicing Corp.*, 3:12-CV-2897-L, 2013 U.S. Dist. LEXIS 88812, *18 (N.D. Tex. June 25, 2013), citing Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, § 1463(c), 124 Stat. 1376, 2183-84 (2010) ("Dodd-Frank"). "The Dodd-Frank

amendments, however, are not effective until January 10, 2014." *Id.*, citing *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1145 n.3 (10th Cir. 2013) (emphasis added). The Dodd-Frank amendments include the entirety of 12 U.S.C. § 2605(k), including both 12 U.S.C. § 2605(k)(1)(C) and (D). *See* Dodd-Frank, 124 Stat. 1376, 2182.

In their RESPA claim against Seterus, Plaintiffs allege Seterus violated 12 U.S.C. § 2605(k)(1)(C) and its implementing regulations at 12 C.F.R.§§ 1024.35-1024.36 by failing to take timely action to respond to Plaintiffs' requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer duties, as described herein. *See* Am. Compl., 92. Plaintiffs allege that Fannie Mae is liable for Seterus's conduct under the same statutory provision. *Id.*, ¶ 100. However, none of Plaintiffs' allegations against Defendants concern any conduct after January 10, 2014.

Plaintiffs also allege Defendants violated 12 U.S.C.§ 2605(k)(1)(D) and its implementing regulation at 12 C.F.R. § 1024.36(2) based upon Seterus's failure to respond within 10 business days to a request from Plaintiffs to provide the identity, address, and other relevant contact information about the owner or assignee of the loan. *Id.*, ¶¶ 93, 101. Once again, none of Plaintiffs' allegations against Defendants concern any conduct after January 10, 2014.

Because the Dodd-Frank amendments and the related implementing regulations did not become effective until January 10, 2014, these provisions plainly do not apply here because Plaintiffs' Amended Complaint does not allege any conduct against Defendants after January 10, 2014. Plaintiffs therefore fail to state any claim for violation of 12 U.S.C. § 2605(k) and its implementing regulations, and Plaintiffs' purported RESPA allegations should be dismissed.

### B. Plaintiffs Failed to Properly Allege Damages.

Plaintiffs' purported RESPA claims also fail because Plaintiffs do not properly allege any

"actual damages" or any "pattern and practice of noncompliance." Damages for violation of 12 U.S.C. § 2605 are only available to an individual borrower, if the borrower can show actual damages as a result of the violation, or if the borrower can show a pattern or practice of noncompliance with the requirements of the section. *See* 12 U.S.C. § 2605(f)(1)(A) and (B) (damages provision for violation of 12 U.S.C. § 2605); *Frazile v. EMC Mort. Corp.*, 382 Fed. Appx. 833, 836 (11th Cir. Jun. 11, 2010) (per curiam) (holding a plaintiff must allege either actual damages or a pattern or practice of non-disclosure to state a claim under § 2605); *Perez v. Indymac FSB*, Case No. 6:12-cv-1146-Orl-28TBS, 2012 U.S. Dist. LEXIS 158403, *13 (M.D. Fla. Nov. 5, 2012) (a claim under § 2605 requires allegation of damages); *Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1305 (S.D. Fla. 2009) (dismissed claim for RESPA violation where no damages are alleged).

Plaintiffs' Amended Complaint does not properly allege that Plaintiffs suffered any actual damages, nor does it allege any pattern of non-compliance, as required. Instead, Plaintiffs assert only a single-sentence conclusory allegation that "[a]s a direct and proximate result of the above described violations of RESPA and Regulation X by [Seterus], Plaintiffs have suffered losses and damages." Am. Compl., ¶¶ 93, 102.

Plaintiffs make no allegation that they suffered any actual damages, as required, nor do they provide any indication of how this allegation somehow constitutes a pattern or practice of noncompliance under RESPA, also as required. Plaintiffs' conclusory allegation that they somehow were damaged in some unknown and unspecified way is insufficient to meet the federal pleading standard. *See, e.g., Twombly*, 550 U.S. at 555 (holding a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

As such, Plaintiffs fail to state a claim for violation of RESPA against Defendants as a

matter of law, and this Court should dismiss Counts VIII and IX.

As Plaintiffs already amended their complaint in response to Defendants' prior Partial Motion to Dismiss, the Plaintiffs should not be given yet another bite at the proverbial apple – the dismissal should be with prejudice and without leave to amend.

**Conclusion**

Plaintiffs do not allege any facts that could state a claim under TILA or RESPA. Accordingly, this Court should dismiss Counts VII, VIII, and IX of Plaintiffs' Amended Complaint with prejudice, and without leave to amend. Defendants further request an extension of time to respond to the remaining allegations in the Amended Complaint, pending the outcome of this Motion.

WHEREFORE, Defendants request that this Court dismiss Counts VII, VIII, and IX of Plaintiffs' Amended Complaint with prejudice, grant Defendants an extension of time to respond to the remaining allegations in the Amended Complaint pending the resolution of this Motion, and provide such further and additional relief as this Court deems just and appropriate.


Dated: May 29, 2014                          Respectfully submitted,

                                             **SETERUS, INC. and FEDERAL NATIONAL MORTGAGE ASSOCIATION,**

                                  By:    s/ Hector E. Lora, Esq._____
                                         MCGINNIS WUTSCHER BEIRAMEE LLP
                                         Florida Bar No. 755842
                                         110 E. Broward Blvd.
                                         Suite 1700
                                         Fort Lauderdale, FL  33301
                                         Direct:  (786) 553-8082
                                         Fax:  (866) 581-9302
                                         E-mail: hlora@mwbllp.com

**Certificate of Service**

The undersigned hereby certifies that, on this **29th day of May, 2014**, a true and correct copy of the foregoing document and any related exhibits was served via CM/ECF on all interested parties.

s/  Hector E. Lora, Esq.
