UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORMA E. BRYAN A/K/A NORMA E.
MAPLES; ROY A. BRYAN,

    Plaintiffs,

v.

CASE NO.: 8:14-cv-00307-RAL-TGW

FEDERAL NATIONAL MORTGAGE
ASSOCIATION and SETERUS, INC.,

    Defendants.
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR
EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' DISCOVERY REQUESTS**

Plaintiffs, NORMA E. BRYAN, A/K/A NORMA E. MAPLES, and ROY A. BRYAN (hereafter "the BRYANS"), pursuant to this Court's Order (Doc. 20), hereby respond to Defendants' Motion for Extension to Time to Respond to Plaintiffs' Discovery Requests (Doc. 19) (hereafter "Motion for Extension"), and in support thereof, state as follows:

1. On or about May 15, 2014, Plaintiffs' filed their Amended Complaint in this action (Doc. 16), setting forth the following counts against Defendants: Count I - violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.*, (hereafter "TCPA") against SETERUS; Count II - violation of the TCPA against FANNIE MAE; Count III – violation of the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA") against SETERUS; Count IV – violation of the FCCPA against FANNIE MAE; Count V – common law slander of credit against SETERUS; Count VI - common law slander of credit against FANNIE MAE; Count VII – violation of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* (hereafter "TILA"), and the rules and regulations applicable thereto, 12 C.F.R. § 226.1, *et seq.*, and 12 C.F.R. § 1026.1, *et seq.* (hereafter

"Regulation Z") against FANNIE MAE; Count VIII – violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.*, (hereafter "RESPA"), and the rules and regulations applicable thereto, 24 C.F.R. § 3500.01, *et seq.*, and 12 C.F.R. 1024.30, *et seq.* (hereafter "Regulation X") against SETERUS; and Count IX – violation of RESPA and Regulation X against FANNIE MAE.

2. On or about May 29, 2014, Defendants filed their Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 18), wherein Defendants solely seek dismissal of Counts VII, VIII, and IX of Plaintiffs' Amended Complaint (Doc. 16).

3. In support of its Motion for Extension (Doc. 19), Defendant states "[i]f this Court grants Defendant's Motion to Dismiss in whole or in part, then many of Plaintiffs' Discovery Requests will be rendered moot or significantly altered."

4. Plaintiff disagrees with Defendants' collective assertion, as the pending discovery requests at issue are not so specifically tailored to TILA and RESPA issues as to be rendered moot by dismissal of any or all of the Counts challenged by Defendants' Motion to Dismiss (Doc. 18).

5. In fact, Plaintiffs' Interrogatories, as propounded upon both Defendants, numbering six (6) in total to each Defendant, substantively request information pertaining to the *outbound* telephone calls placed by Defendants to Plaintiff's cellular telephone number, and seek the identity of the telephone dialing equipment used to place such calls. Thus, Plaintiffs' Interrogatories to each Defendant are specifically directed towards the merits of Plaintiffs claims against Defendants for violation of the TCPA, and FCCPA. Any information revealed by Defendants' answers to these Interrogatories is at best tangentially related to Plaintiffs' claims against Defendants under the TILA and RESPA. Accordingly, for the sake of argument, should

this Court grant Defendants' Motion to Dismiss, thereby eliminating Plaintiffs' claims against Defendants pursuant to the TILA and RESPA, that dismissal will not alter Defendants' duty to respond to Plaintiffs' Interrogatories in any material way. Copies of Plaintiffs' Interrogatories to Defendants SETERUS and FANNIE MAE are attached hereto as Exhibits "A" and "B," respectively.

6. Likewise, Plaintiffs' Request for Production, as propounded upon both Defendants, numbering twenty-eight (28) in total to each Defendant, likewise request information directly pertaining to Plaintiffs' TCPA and FCCPA claims against Defendants. To wit, Plaintiffs' Request for Production from Defendants specifically request production of:

   a. Policies and procedures used to comply with comply with the TCPA concerning [Defendants'] telephone calls made to the Plaintiff's cellular telephone number. *See* ¶ 1.

   b. Documents relating to telephone calls placed by Defendants to the Plaintiff's cellular telephone number, (813) 478-0887, or from the Plaintiff to the Defendant, during the "relevant time period." *See* ¶ 5-7, 17-19.

   c. Documents and records relating to Defendants' procedures recording incoming and outgoing calls, retaining such recordings, and recordings of any calls with Plaintiff. *See* ¶¶ 8-12.

   d. Documents describing Defendants' methods and policies for tracking complaints made against Defendants by consumers in connection with Defendants' debt collection efforts or practices. *See* ¶ 14.

   e. Prior lawsuits filed against the Defendant for violation(s) of the TCPA in connection with Defendant's debt collection efforts or practices. *See* ¶ 15.

    f.  Documents used by Defendant as guidelines for using an "automatic telephone dialing system," and/or for using an "artificial" or "prerecorded" voice in connection with debt collection calls.

    g.  Documents reflecting any contractual or other business relationship between Plaintiffs and Defendants. *See* ¶¶ 2, 20-21.

    h.  Various requests for production of documents pertaining to the telephone dialing system used by Defendants' in placing the telephone calls at issue to Plaintiff's cellular telephone number. *See* ¶¶ 23-27.

Copies of Plaintiffs' Request for Production to Defendants SETERUS and FANNIE MAE are attached hereto as Exhibits "C" and "D," respectively.

  7.  Defendants do not identify a single request that would be altered or eliminated by the Court's decision on the merits of its Motion to Dismiss (Doc. 18), and as may be seen, none of the Interrogatories or Requests for Production at issue so much as define or reference TILA or RESPA. Instead the discovery requests at issue are squarely related and directly relevant to Plaintiffs' TCPA and FCCPA counts.

  8.  With respect to Defendants' assertion that Plaintiffs' Discovery Requests seek highly sensitive and confidential information, including financial and loan-related documents and information that Defendants cannot produce until a Fed. R. Civ. P. 26(c) protective order is in place," Plaintiffs contend that such allegedly "highly sensitive confidential information" does not pertain to the vast majority of the Discovery Requests, as reflected above, and would note that Defendants have yet to submit a proposed stipulation for protective order to the undersigned as of the filing of this Response.

9. Finally, with respect to Defendants' argument that further delay will not prejudice Plaintiffs, the Plaintiffs would note that the Discovery Requests at issue herein were served more than sixty (60) days ago. Defendants have not answered the remaining counts of Plaintiffs' Amended Complaint that Defendant has not sought to dismiss, nor have Defendants asserted objections to said discovery or moved for a protective order with respect to the same, and Plaintiffs have no idea what defenses and objections Defendants are likely to assert. Should this Court grant Defendant's Motion for Extension, Defendants will have been entitled to more than ninety (90) days to respond to Plaintiffs' initial discovery requests, notwithstanding any objections and potential discovery disputes thereafter arising, and will potentially place Plaintiffs at a substantial disadvantage given that this action was initially filed on February 6, 2014, and four (4) months later, Plaintiffs have yet to receive an answer to those counts for which Defendant is not seeking dismissal, or any responsive discovery to the requests propounded more than two months ago.

10. That being said, the undersigned has been willing to cooperate with counsel for Defendants. The undersigned is concerned that if the discovery extension is granted, thereby resulting in the discovery being due more than five (5) months after this action was initially filed, additional delays could very likely prejudice Plaintiffs given that the discovery deadline is already less than six (6) months from today, and the documents sought in Plaintiffs' Discovery Requests at issue are in no way subject to being mooted or limited by the decision of this Court on Defendants' Motion to Dismiss (Doc. 18). However, Plaintiffs would be agreeable to an additional ten (10) day extension of time should this Court deem that extension appropriate.

11. Accordingly, the Plaintiffs' request that this Court deny Defendants' Motion for Extension (Doc. 19), or in the alternative, grant Defendants an extension of ten (10) additional days, and for such other relief as this Court deems just and proper.

WHEREFORE, Plaintiffs NORMA E. BRYAN, A/K/A NORMA E. MAPLES, and ROY A. BRYAN hereby respectfully request that this honorable court deny Defendants' Motion for Extension (Doc. 19) or in the alternative, grant Defendants an extension of ten (10) additional days and for such other and relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 16th day of June, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to: Jennifer M. Ross, Esquire, jross@mwbllp.com; litigation@mwbllp.com, Hector E. Lora, Esquire, hlora@mwbllp.com, and Ernest P. Wagner, Esquire, ewagner@mwbllp.com.

    s/ David P. Mitchell
David P. Mitchell, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4797
DMitchell@ForThePeople.com
VMarrero@ForThePeople.com
PMitchell@ForThePeople.com
Counsel for Plaintiff