IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORMA E. BRYAN A/K/A NORMA E.
MAPLES; ROY A. BRYAN,

          CASE NO.:  8:14-cv-00307-RAL-TGW

   Plaintiff,

-vs-

FEDERAL NATIONAL MORTGAGE
ASSOCIATION and SETERUS, INC.,

 Defendants.

_____/

### PLAINTIFF'S FIRST SETOF INTERROGATORIES   TO DEFENDANT

   The Defendant, SETERUS, INC., pursuant to Rule 33, Federal Rules of Civil Procedure, is requested to answer, under oath, within thirty (30) days after service hereof, the following Interrogatories.  Please be sure to understand that your answers are to be made under oath and can be used in a court of law.

   In answering, you are required to furnish such information as is available to you, or in the possession of your attorneys, agents, employees and investigators for you or your attorneys.

   Each interrogatory hereinafter set forth not only calls for your knowledge, but also for all knowledge that is available to you by reasonable inquiry, including inquiry of your representatives, agents, attorneys and investigators.

   In answering these interrogatories, you are requested to answer each interrogatory and subdivision thereof fully, completely and separately.  You are hereby notified that at least as to those interrogatories that are unanswered or as to which you claim an inability to answer fully and completely for the reason that your discovery is continuing, the undersigned will apply to the court for an order directing that these interrogatories be deemed continuing.

In answering, you are required to furnish such information as is available to you, or in the possession of your attorneys, agents, employees and investigators for you or your attorneys.

## I. DEFINITIONS

The following definitions shall apply to each of the requests for documents set forth and are deemed to be incorporated in each of the requests:

1.      "SETERUS, INC.," "you," "your," and/or "Defendant" shall mean SETERUS, INC., any of its directors officers, sales, agents, collection agents, debt collectors, managers, supervisors, general agents, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other persons purporting to act on their behalf.   These defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf.

2.      "Any," "All," and "each" shall be construed as any, all and each.

3.      "And" shall mean and/or.

4.      "Concern," "concerning," "refer," "referring," "reflect," "reflecting," "regard" or "regarding" shall all mean documents which explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, relate, describe, depict, discuss, consider, concern, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge upon, or impact the subject matter of the request.

5.      "Document" or "documents" shall be interpreted in the broadest possible sense and includes, without limitation, all written, recorded, printed, typed, transcribed, filmed, digitized or graphic matter and all other tangible things and media upon which any handwriting,

typing, printing, drawing, representation, electrostatic or other copy, sound or video records, magnetic or electrical impulse, electronically stored information ("ESI"), visual reproduction or communication is recorded, reproduced or represented, including each and any book, record, correspondence, report, memoranda, electronic mail (*i.e.*, email), contract, table, tabulation, graph, chart, diagram, plan, schedule, appointment book, calendar, diary, time sheet, report, study, analysis, draft, telegram, teletype or telecopy message, file, telephone log, telephone message, check, microfilm, microfiche, picture, photograph, printout, electronic data compilation, tape, diskette, drive, removable media, note, minutes or transcript of proceedings, including, but not limited to, minutes of meetings, or other communication of any type, including inter-office communications, questionnaires, surveys, charges, newspapers, booklets, circulars, work papers, bulletin, notices, instructions, resolutions, reports, records, papers, bills or invoices, books of account, financial statements, working papers, deeds, loan agreements, notes, ledgers, security agreements, financing statements, tax returns, checks, receipts, journals and data of every description, and shall include each and every original produced or reproduced by any method, all non-identical copies (whether different from the original because of notes made in or attached to such copy, or otherwise), all data compilations from which information can be obtained (translated, if necessary, into reasonably usable form) and any preliminary versions, drafts or revisions of any of the foregoing.

6.      "Including" means (1) including, but not limited to, or (2) including, without limitation.  Any examples which follow these phrases are set forth to clarify the request, definition or instruction, not limited to the request, definition or instruction.

7.      "Identify" with respect to natural person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person,

additionally, the present or last known place of employment.  Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

8.      "Or" shall mean and/or.

9.      "Person" or "Persons" shall mean natural persons, proprietorships, joint ventures, partnerships, corporations, trust, groups, associations, organizations, governmental agencies and all other entities.

10.     "Plaintiff" or "Plaintiffs" shall mean NORMA E. BRYAN A/K/A NORMA E. MAPLES and ROY A. BRYAN.

11.     "Plaintiff's cellular telephone number" or "Plaintiff's cellular telephone" shall mean (813) 478-0887.

12.     As used herein, "TCPA" means the Telephone Consumer Collection Practices Act, 47 U.S.C. §227, *et seq.*

13.     As used herein, "automatic telephone dialing system" or "ATDS" shall mean equipment which has the capacity--**(A)** to store or produce telephone numbers to be called, using a random or sequential number generator; and **(B)** to dial such numbers, per 47 U.S.C. 227.

14.     As used herein, "artificial voice" shall be defined as that term is used in 47 U.S.C 227 (b)(1)(A).

15.     As used herein, "prerecorded voice" shall be defined as that term is used in 47 U.S.C 227 (b)(1)(A).

16.     "Relevant time period" means the period beginning August 1, 2012 (or the date of Plaintiff's first contact with Defendant, or vice versa) to the present date.

17.     If no time period is period is specifically identified assume the time period requested and/or referred to is the period beginning August 1, 2012 to the present date.

## II.      INSTRUCTIONS

1.     The answers to each interrogatory shall include such knowledge of the Defendant as is within Defendant's custody, possession or control, specifically including such information as to which Defendant could only provide facts upon information and belief.  Answers shall include knowledge including but not limited to knowledge and documents in the custody, control or possession of Defendant's investigators, accountants, consultants, employees, attorneys or other agents.  Where facts set forth in answers or portions thereof are supplied upon information and belief, rather than actual knowledge, the answers should so state, and specifically describe or identify the source or sources of such information and belief.  If you cannot answer an interrogatory in full, after exercising due diligence to secure the information requested, so state and answer to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

2.     Where identification of a document is required, the following shall be separately stated as to each document:  its date; its exact title; the general subject matter of the document; the name of the author, his business affiliation (presently ad at the time the document or correspondence was prepared), and his last known address;  the name, business affiliation (presently and at the time he received the document) and the last known address of the addressee; the name, business affiliation (presently and at the time the document was prepared), and the last known address of every person to whom a copy of the document was to be sent other than the addressee described above; the names and addresses of all person who now have the original and

who now have any copies; the identification and location of the files where the original and each copy is normally or presently kept.

3.     Whenever identification of a "person" is required, the following shall be separately stated as to each person:  the name and last known business address or location and phone number of each such person.  If such person is an individual, additionally state the business position or positions held by that individual at the time or times for which such identification is requested, and such person's last known residence address and phone number.  If such a person is not an individual, but is an entity or organization, additionally identify the individual or individuals employed by or representing such entity or organization who have knowledge or with whom communications have been had about, or relating to, the matter involved.

4.     These interrogatories are deemed to be continuing in nature, calling for further responses at such time as additional information or documents become known or reasonably available to Defendants.

5.     If you contend that the answer to any interrogatory is privileged, in whole or in part, or otherwise object to any part of any interrogatory, or that an identified document may be withheld regardless of its relevance, state the reasons for such objection or grounds for exclusion, and identify each person having knowledge of the factual basis, if any, on which the privilege or other ground is asserted.

## <u>INTERROGATORIES TO THE DEFENDANT</u>
## <u>SETERUS, INC.</u>

1.      Please provide the name of the individual answering these Interrogatories and if applicable the person's official position or relationship with whom the Interrogatories are directed.

**<u>ANSWER:</u>**

2.      Please identify the name, residence address, business address and telephone number of each person believed or known by you, your agents or attorney to have any knowledge of the incidents described in the Complaint, and specify the subject matter of the witness' knowledge.

**<u>ANSWER:</u>**

3.      Please state whether any or all of the calls that form the subject matter of the Complaint in this action were placed by SETERUS.

**ANSWER:**

4.      If you contend that SETERUS did not place any calls to Plaintiff, please identify the entity responsible for initiating the telephone calls that form the subject matter of the Complaint in this action.

**<u>ANSWER:</u>**

5.      Please state whether SETERUS maintains a record of outbound telephone calls that it places to consumers, and if so, whether Plaintiff's cellular telephone number, (813) 478-0887, appears in any such database of outbound telephone calls.

**ANSWER:**

6.      Identify the manufacturer's name, make, model, software name and software version, the "automatic telephone dialing system" (also sometimes commonly referred to as "ATDS," "autodialer," "robo-dialer," "predictive dialer," "power dialer") that was used by SETERUS to place telephone calls to Plaintiff's aforementioned cellular telephone number during the "relevant time period."

**ANSWER:**

## **VERIFICATION**

Under penalties of perjury, I declare that I have read the foregoing Answers to Interrogatories, and that the Answers are true and correct to the best of my knowledge and belief.

SETERUS, INC.

By: _____

Printed Name: _____

Title: _____

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 2014, by _____, who has produced as identification _____, bearing number _____ expiring _____ and who did (did not) take an oath.

_____
Notary Public's Signature
Notary's Name (Typed/Printed)
My Commission Expires:

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 7th day of April 2014, a true and correct copy of the foregoing document entitled Plaintiff's First Set of Interrogatories to Defendant **SETERUS,** has been served via Email delivery to parties on attached to:   Jennifer M. Ross, Esquire, jross@mwbllp.com; litigation@mwbllp.com.

 s/ David P. Mitchell
David P. Mitchell, Esquire
Florida Bar No. 067249
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 222-4797
DMitchell@ForThePeople.com
VMarrero@ForThePeople.com
PMitchell@ForThePeople.com
Counsel for Plaintiff