IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORMA E. BRYAN A/K/A NORMA E.
MAPLES; ROY A. BRYAN,

                CASE NO.:  8:14-cv-00307-RAL-TGW

        Plaintiff,

-vs-

FEDERAL NATIONAL MORTGAGE
ASSOCIATION and SETERUS, INC.,

   Defendants.
_____/

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT FEDERAL
NATIONAL MORTGAGE ASSOCIATION**

      The Plaintiffs, NORMA E. BRYAN A/K/A NORMA E. MAPLES;  ROY A. BRYAN, in

accordance with Federal Rules of Civil Procedure Rules 26 and 34, hereby requests that

Defendant, FEDERAL NATIONAL MORTGAGE ASSOCIATION (hereafter "FNMA") produce

documents to the undersigned, as specified below. Documents produced by Defendant FNMA

must adhere with the Definitions set forth below and conditions of Rule 34 of the Federal Rules

of Civil Procedure. Defendant FNMA has thirty (30) days of service to comply with the specified

production, unless alternate mutually agreed upon terms are reached by all parties.

      The documents and things to be produced and any testing or sampling being sought are

described as follows:

**I.    DEFINITIONS**

      The following definitions shall apply to each of the requests for documents set forth and

are deemed to be incorporated in each of the requests:

      1.    "FEDERAL NATIONAL MORTGAGE ASSOCIATION" "you," "your,"

"FANNIE MAE" and/or "Defendant" shall mean FEDERAL NATIONAL MORTGAGE

ASSOCIATION, any of its directors officers, sales, agents, collection agents, debt collectors, managers, supervisors, general agents, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other persons purporting to act on their behalf.  These defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf.

2.       "Any," "All," and "each" shall be construed as any, all and each.

3.       "And" shall mean and/or.

4.       "Concern," "concerning," "refer," "referring," "reflect," "reflecting," "regard" or "regarding" shall all mean documents which explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, relate, describe, depict, discuss, consider, concern, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge upon, or impact the subject matter of the request.

5.       "Document" or "documents" shall be interpreted in the broadest possible sense and includes, without limitation, all written, recorded, printed, typed, transcribed, filmed, digitized or graphic matter and all other tangible things and media upon which any handwriting, typing, printing, drawing, representation, electrostatic or other copy, sound or video records, magnetic or electrical impulse, electronically stored information ("ESI"), visual reproduction or communication is recorded, reproduced or represented, including each and any book, record, correspondence, report, memoranda, electronic mail (*i.e.*, email), contract, table, tabulation, graph, chart, diagram, plan, schedule, appointment book, calendar, diary, time sheet, report, study, analysis, draft, telegram, teletype or telecopy message, file, telephone log, telephone message, check, microfilm, microfiche, picture, photograph, printout, electronic data

compilation, tape, diskette, drive, removable media, note, minutes or transcript of proceedings, including, but not limited to, minutes of meetings, or other communication of any type, including inter-office communications, questionnaires, surveys, charges, newspapers, booklets, circulars, work papers, bulletin, notices, instructions, resolutions, reports, records, papers, bills or invoices, books of account, financial statements, working papers, deeds, loan agreements, notes, ledgers, security agreements, financing statements, tax returns, checks, receipts, journals and data of every description, and shall include each and every original produced or reproduced by any method, all non-identical copies (whether different from the original because of notes made in or attached to such copy, or otherwise), all data compilations from which information can be obtained (translated, if necessary, into reasonably usable form) and any preliminary versions, drafts or revisions of any of the foregoing.

6.    "Including" means (1) including, but not limited to, or (2) including, without limitation.  Any examples which follow these phrases are set forth to clarify the request, definition or instruction, not limited to the request, definition or instruction.

7.    "Identify" with respect to natural person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

8.    "Or" shall mean and/or.

9.    "Person" or "Persons" shall mean natural persons, proprietorships, joint ventures, partnerships, corporations, trust, groups, associations, organizations, governmental agencies and all other entities.

10.    "Plaintiff" or "Plaintiffs" shall mean NORMA E. BRYAN A/K/A NORMA E.

MAPLES and ROY A. BRYAN.

11.     "Plaintiff's cellular telephone number" or "Plaintiff's cellular telephone" shall mean (813) 478-0887.

12.     As used herein, "TCPA" means the Telephone Consumer Collection Practices Act, 47 U.S.C. §227, *et seq*.

13.     As used herein, "automatic telephone dialing system" or "ATDS" shall mean equipment which has the capacity--**(A)** to store or produce telephone numbers to be called, using a random or sequential number generator; and **(B)** to dial such numbers, per 47 U.S.C. 227.

14.     As used herein, "artificial voice" shall be defined as that term is used in 47 U.S.C 227 (b)(1)(A).

15.     As used herein, "prerecorded voice" shall be defined as that term is used in 47 U.S.C 227 (b)(1)(A).

16.     "Relevant time period" means the period beginning August 1, 2012 (or the date of Plaintiff's first contact with Defendant, or vice versa) to the present date.

17.     If no time period is period is specifically identified assume the time period requested and/or referred to is the period beginning August 1, 2012 to the present date.

## II.    INSTRUCTIONS

In responding to these requests, you are requested to comply with all obligations imposed upon you by the Federal Rules of Civil Procedure, including but not limited to, the requirement that you furnish all responsive documents within your possession, custody or control as specified in Federal Rules of Civil Procedure Rules 26 and 34.

## III.    DOCUMENTS REQUESTED

1.      Defendant's policies and procedures or other documents used to comply with the TCPA concerning your telephone calls made to the Plaintiff's cellular telephone number, (813) 478-0887.

2.      Any contracts, applications and/or documents you received from the Plaintiff.

3.      Documents evidencing and/or reflecting each time Defendant spoke to the Plaintiff.

4.      Any insurance policies, declaration pages, indemnification agreements or other contracts that defendant has that may cover the violation(s) alleged in this lawsuit.

5.      Documents evidencing and/or reflecting any notes taken or entered into a computer by Defendant contemporaneously with all phone calls made by the Defendant to the Plaintiff's cellular telephone number, (813) 478-0887, or from the Plaintiff to the Defendant, during the "relevant time period."

6.       Documents evidencing and/or reflecting the date and time and length of all telephone calls made by or on behalf of the Defendant to Plaintiff's cellular telephone number, (813) 478-0887, during the relevant time period.

7.      Documents, call logs, account notes, autodialer reports evidencing and/or reflecting all telephone calls made by Defendant to Plaintiff's cellular telephone number, (813) 478-0887, using an "automatic telephone dialing system," "artificial voice" and/or "prerecorded voice."

8.      Documents describing and/or reflecting your audio recording procedures for incoming calls.

9.      Documents describing and/or reflecting your audio recording procedures for outgoing calls.

10.     Documents describing and/or reflecting your procedures for monitoring calls.

11.     Audio recordings of any conversations with the Plaintiff.

12.     Documents describing and/or reflecting your retention policy concerning saving audio recordings that are the subject of legal complaints filed against you.

13.     Documents reflecting the supervision of the employees(s) who made telephone calls to the Plaintiff's cellular telephone number, (813) 478-0887.

14.     Documents describing and/or reflecting your methods and/or policies and procedures of tracking complaints made by consumers in connection with Defendant's debt collection efforts or practices.

15.     Prior lawsuits filed against the Defendant for violation(s) of the TCPA in connection with Defendant's debt collection efforts or practices.

16.     Documents used by Defendant as guidelines for using an "automatic telephone dialing system," and/or  for using an "artificial" or "prerecorded" voice in connection with debt collection calls.

17.     All call logs or other documents which reflect each and every call made by Defendant to the Plaintiff's cellular telephone number at issue, (813) 478-0887, using an automatic telephone dialing system.

18.     All call logs or other documents which reflect each and every call made by Defendant to Plaintiff's cellular telephone number at issue, (813) 478-0887, using an "artificial voice."

19.     All call logs or other documents which reflect each and every call made by Defendant to Plaintiff's cellular telephone number at issue, (813) 478-0887, using a "prerecorded voice."

20.     Any and all documents, contracts, agreements or other written documents reflecting any contractual relationship between Plaintiff and Defendant regarding the alleged services at issue in this lawsuit.

21.     Any and all documents, contracts, agreements or other written documents establishing the existence of any alleged business relationship between Plaintiff and Defendant.

22.     All documents which reflect or evidence any effort undertaken by Defendant to stop Defendant's calls to the Plaintiff's cellular telephone number at issue, (813) 478-0887, during the "relevant time period."

23.     Documents reflecting the manufacturer of the telephone dialing system used by Defendant to place calls to Plaintiff's cellular telephone number, (813) 478-0887, during the "relevant time period."

24.     Copies of any and all system administrator manuals and/or operation manuals for the telephone dialing system used by Defendant to place calls to Plaintiff's cellular telephone number, (813) 478-0887, during the "relevant time period."

25.     Documents reflecting the acquisition agreement for the telephone dialing system used by Defendant to place calls to Plaintiff's cellular telephone number, (813) 478-0887, during the "relevant time period."

26.     Documents reflecting the identity of the vendor which provided the telephone dialing system used by Defendant to place calls to Plaintiff's cellular telephone number, (813) 478-0887, during the "relevant time period."

27.     Documents reflecting any and all technical support agreements for the telephone dialing system used by Defendant to place calls to Plaintiff's cellular telephone number, (813) 478-0887, during the "relevant time period."

28.     Provide a log of all documents in Defendant's possession which Defendant asserts are protected by the work product or the attorney client privilege.  In your response, please provide the author, recipient and document date of each document along with the identity of all persons, other than counsel, who to your knowledge have reviewed or seen the documents.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of April 2014, a true and correct copy of the foregoing document entitled Plaintiff's First Request for Production to Defendant **FNMA,** has been served via Email delivery to parties on attached to:   Jennifer M. Ross, Esquire. jross@mwbllp.com; litigation@mwbllp.com.


s/ David P. Mitchell
_____
David P. Mitchell, Esquire
Florida Bar No. 067249
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 222-4797
DMitchell@ForThePeople.com
VMarrero@ForThePeople.com
PMitchell@ForThePeople.com
Counsel for Plaintiff