# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

NORMA E. BRYAN a/k/a NORMA E.
MAPLES, and ROY A. BRYAN,

      Plaintiffs,

v.                                      CASE NO: 8:14-cv-307-T-26TGW

FEDERAL NATIONAL MORTGAGE
ASSOCIATION and SETERUS, INC.,

      Defendants.

_____/

## O R D E R

Before the Court is Defendants' Partial Motion to Dismiss Plaintiffs' Amended

Complaint (Dkt. 18), in which Defendants seek to dismiss Counts VII, VIII, and IX of

Plaintiffs' Amended Complaint.  The Plaintiffs have filed a response opposing the

motion.  (Dkt. 26).  After careful consideration of the allegations of the Amended

Complaint and the applicable law, the Court concludes the motion should be denied.

## COUNT VII

Count VII alleges a violation of the Truth in Lending Act, 15 U.S.C. § 1601, *et*

*seq.* (TILA) against Defendant Federal National Mortgage Association (Fannie Mae)

only.[1]  Plaintiffs allege that Fannie Mae is the assignee of the mortgage loan at issue and

---

[1]  See docket 16, paras. 78-87.

the "master servicer" of the mortgage loan.[2]  Seterus, Inc. (Seterus) is alleged to be the

"subservicer" of the mortgage loan.[3]  Plaintiffs allege that Fannie Mae is liable for the

failure of Seterus to credit payment as of the date of receipt,[4] to provide an accurate

statement of total outstanding balance,[5] and to provide Plaintiffs with information

regarding either the owner or the master servicer of the obligation upon written request.[6]

Defendants contend that Count VII is deficient as 1) barred by TILA's one-year

statute of limitations; 2) devoid of allegations that Fannie Mae is directly liable, rather

than derivatively liable, for the conduct of Seterus; 3) missing the statutory predicates for

liability for failing to provide the outstanding balance and the owner/subservicer's

information; 4) lacking the allegation that Fannie Mae is a creditor capable of bringing a

private right of action under TILA; and 5) addressing conduct that occurred before

---

[2]   See docket 16, paras. 80 & 81.

[3]   See docket 16, para. 82.  A "subservicer" is defined as "a servicer who does not own the right to perform servicing, but who does so on behalf of the master servicer."  24 C.F.R. § 3500.21(a); see also Runkle v. Federal Nat'l Mortg. Ass'n, 2012 WL 6554755, at *1 (S.D. Fla. Dec. 10, 2012) (noting that TILA, at 15 U.S.C. § 1641(f)(3), defines "servicer" by referring to Real Estate Settlement Procedures Act at 12 U.S.C. § 2605(i)(2)).

[4]   See docket 16, para. 83.

[5]   See docket 16, para. 84.

[6]   See docket 16, para. 85.  The "master servicer" is defined as "the owner of the right to perform servicing, which may actually perform the servicing itself or may do so through a subservicer."  24 C.F.R. § 3500.21(a); see also Runkle, 2012 WL 6554755, at *1.

particular regulations went into effect January 10, 2014.  The Court finds the grounds without merit.

It is not apparent from the face of the amended complaint that the claim is time-barred and, therefore, dismissal pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, would be inappropriate.  See La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845-46 (11th Cir. 2004).  Plaintiffs allege in paragraph 24 that they "continued to make payments on their mortgage loan through August 2012, while repeatedly demanding that [Seterus] provide a payoff figure on the Mortgage loan, but [Seterus] refused to supply Plaintiffs with the requested payoff information, in violation of the TILA and RESPA."  Defendants argue that the cessation of payments in August 2012 marks the time that the statute of limitations begins to run for purposes of the one-year statute of limitation under § 1640(e),[7] because no violations are alleged to have occurred after August 2012, and this lawsuit was not filed until February 6, 2014.  As Plaintiffs point out, however, § 1640 contains two exceptions applicable to this case.  First, with respect to any violation of § 1639, a three-year limitation period applies from the date of the violation.[8]  Plaintiffs

---

[7]  Section 1640(e) provides in pertinent part:
> Except as provided in the subsequent sentence, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation .   .   .

[8]  Section 1640(e) provides in pertinent part:
> .   .   .   .
> Any action under this section with respect to any violation of

allege violations of portions of Regulation Z, which are promulgated pursuant to §

1639(1)(2) of the TILA.  See Runkle v. Federal Nat'l Mortg. Ass'n, 905 F.Supp.2d 1326,

1331 (S.D. Fla. 2012), vacated in part, 2012 WL 6554755 (S.D. Fla. Dec. 10, 2012).

Second, the limitations period of § 1640(e) is inapplicable where damages are claimed in

connection with a defense by recoupment or set-off in the action to collect a debt.  See §

1640(e);[9] Martinec v. Early Bird Intern., Inc., 126 So.3d 1115, 1118 (Fla.Dist.Ct.App.

2012).  Plaintiffs allege that Seterus filed a state mortgage foreclosure action against them

on June 4, 2013, and Plaintiffs' answer in the state court action contains an affirmative

defense of recoupment or set-off.  Apart from the two exceptions to the one-year

limitation period, there is nothing in the amended complaint to indicate that the violations

committed by Seterus ceased in August 2012, when Plaintiffs discontinued making

payments, for purposes of establishing a start date for the running of the limitations.

------

> section 1639, 1639b, or 1639c of this title may be brought in any United States district court, or in any other court of competent jurisdiction, before the end of the 3-year period beginning on the date of the occurrence of the violation. .   .   .

[9]  Section 1640(e) provides in pertinent part:

> .   .   .   .
> This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law. .   .   .

With respect to Fannie Mae's vicarious liability for the actions of Seterus, there is conflict among the district courts as noted in Defendants' motion.  See Lucien v. Federal Nat'l Mortg. Ass'n, No. 13-cv-62399, 2014 WL 2184924, at *5 (S.D. Fla. May 23, 2014) (noting that the majority of opinions in the Southern District of Florida have held that a creditor can be vicariously liable under TILA for servicer's violations); but see Kievman v. Federal Nat'l Mortg. Ass'n, 901 F.Supp.2d 1348, 1352-53 (S.D. Fla. 2012); Holcomb v. Federal Home Loan Mortg. Corp., 2011 WL 5080324, at *6 (S.D. Fla. Oct. 26, 2011). The Court agrees, at this stage of the proceedings, with the cases holding a creditor may be vicariously liable for its servicer's TILA violations, including the failure to provide the name, address, and telephone number of the master servicer under § 1641(f)(2).  See Lucien, 2014 WL 2184924, at *4-5 and cases cited therein, particularly Khan v. Bank of N.Y. Mellon, 849 F.Supp.2d 1377 (S.D. Fla. 2012)).  In Khan, the court explained that § 1641(f)(2) would be rendered superfluous without recognition of vicarious liability:

> Acknowledging the limited case law on the issue, the imperfect character of the statutory provisions as drafted, and the admonishment that we must liberally construe this remedial consumer protection statute, the Court is persuaded that Congress meant to extend agency principles to creditors or make creditors liable under § 1641(f)(2) by intentionally inserting the private right of action for violations of § 1641(f)(2) into § 1640, a remedy section that provides for civil liability against creditors.

As noted in Lucien, "vicarious liability [] reconcile[s] TILA's civil damages provision [§ 1640] – which makes only a *creditor* liable for TILA violations – with TILA provisions that impose obligations on *servicers*." Id. at *4 (emphasis in original).

Defendants' argument that the statutory predicates for liability under § 1639(l)(2)[10] are not present and therefore neither 12 C.F.R. § 226.36(c)(1)(i) nor (iii) have been violated, is without merit.  As the court in Lucien noted, there is only one district court that has held that these regulations apply to high cost mortgages.  See Montano v. Wells Fargo Bank N.A., No. 12-80718-CIV, 2012 WL 5233653, at *6 (S.D. Fla. Oct. 23, 2012). For the reasons and case law set forth in Lucien, this Court agrees that these regulations are not limited to high-cost loans.

The Court further agrees with those cases permitting a private right of action against an assignee such as Fannie Mae for its servicer's errors in failing to provide a pay-off statement under Regulation Z, 12 C.F.R. § 226.36(c)(1)(iii).  See Lucien, 2014 WL

---

[10]   Section 1639(l)(2) has been renumbered to section 1639(p)(2) and provides in pertinent part:

> (2) Prohibitions
> The Bureau, by regulation or order, shall prohibit acts or practices in connection with–
>   (A) mortgage loans that the Bureau finds to be unfair, deceptive, or designed to evade the provisions of this section;

2184924, at * 6-7 and cases cited therein.[11]  Although Fannie Mae is not a "creditor" as

that term is defined in § 1602(g),[12] it is obvious that violations of § 1641(f)(2)[13] and 12

C.F.R. § 226.36(c)(1)(iii)[14] are necessarily post-assignment violations, because both

address violations that can arise only after origination.  See Lucien, 2014 WL 2184924, at

*8.  Offering protection only at the origination stage of the loan would render

meaningless the obligation to provide consumers a pay-off amount after the loan is

assigned, particularly given the proclivity for loans to be sold and assigned.  Based on the

foregoing reasons, Count VII stands.

---

[11]   To the extent Plaintiffs seek redress under new regulations that took effect January 10, 2014, and are not applicable to the violations in this case, they are stricken.

[12]   Section 1602(g)(2) defines "creditor" in part as "the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness . . . ."

[13]   Section 1641(f)(2) provides in pertinent part:
A servicer . . . shall not be treated as an owner . . . on the basis of an assignment . . . from the creditor or another assignee to the servicer . . .  Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation.

[14]   Section 226.36(c)(1)(iii) of Regulation Z provides in pertinent part:
[A servicer shall not] Fail to provide, within a reasonable time after receiving a request from the consumer or any person acting on behalf of the consumer, an accurate statement of the total outstanding balance that would be required to satisfy the consumer's obligation in full as of a specific date.

## COUNTS VIII and IX

Counts VIII and IX allege violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* (RESPA) and the applicable regulations set forth in 24 C.F.R. § 3500.1, *et seq.*, and 12 C.F.R. § 1024.30, *et seq.* (Regulation X) against Seterus and Fannie Mae respectively.[15]  Plaintiffs allege that Fannie Mae is the "master servicer" of the note and mortgage.[16]  Seterus is alleged to be the "subservicer" of the note and mortgage.[17]  Plaintiffs allege that Seterus, and Fannie Mae by the failure of Seterus, failed to take timely action to respond to Plaintiffs' requests to correct errors relating to allocation of payments, final balances, and avoidance of foreclosure, and failed to respond within ten business days to Plaintiffs' request to provide the identity of the owner or assignee of the loan.[18]

Defendants contend that Counts VIII and IX are deficient because 1) the alleged statutory violations did not go into effect until January 10, 2014, and 2) the alleged damages are insufficient under RESPA.  As to the timing of the violations, Defendants

---

[15]  See docket 16, paras. 88-103.

[16]  See docket 16, paras. 90 & 98.  "Master servicer" is defined as "the owner of the right to perform servicing, which may actually perform the servicing itself or may do so through a subservicer."  24 C.F.R. § 3500.21(a).

[17]  See docket 16, paras. 91 & 99.  "Subservicer" is defined as "a servicer who does not own the right to perform servicing, but who does so on behalf of the master servicer."  24 C.F.R. § 3500.21(a).

[18]  See docket 16, paras. 92, 93, 100 & 101.

contend that §§ 2605(k)(1)(C) and (D) did not become effective until January 10, 2014, which is before the conduct alleged in the amended complaint occurred.  See Steele v. Quantum Servicing Corp., No. 3:12-cv-2897-L, 2013 WL 3196544, at *6 (N.D. Tex. June. 25, 2013) (citing the Bureau's final rule's effective date for the Dodd-Frank amendments as January 10, 2014).  Plaintiffs' argue the effective date was January 21, 2013, based on the language of the Dodd-Frank Act itself.  At this stage of the proceedings on a motion to dismiss, the Court finds that the precise dates of the violations are best left for factual development through the discovery process.

The Court also finds that Plaintiffs have sufficiently alleged damages to withstand a motion to dismiss.  The amended complaint in paragraph 42 states that Plaintiffs have suffered "actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life."  In paragraph 43, also alleging damages, Plaintiffs specifically cite § 2605(f).  These two paragraphs are incorporated by reference into Counts VIII and IX in paragraphs 88 and 96 of the amended complaint.  Accordingly, Plaintiffs have adequately alleged damages.

It is therefore **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. 18) is **DENIED**.  Defendants shall file its answer and defenses to the Amended Complaint within ten (10) days.

**DONE AND ORDERED** at Tampa, Florida, on July 2, 2014.


      s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


<u>**COPIES FURNISHED TO**</u>:
Counsel of Record