UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORMA E. BRYAN a/k/a NORMA E.
MAPLES; ROY A. BRYAN,

           CASE NO.: 8:14-cv-00307-RAL-TGW

   Plaintiffs,

 v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION and SETERUS, INC.

   Defendants.
_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT**

  Federal National Mortgage Association ("Fannie Mae") and Seterus, Inc. ("Seterus")

(collectively, "Defendants") by their attorneys, answer the first Amended Complaint ("FAC") of

Plaintiffs Norma E. Bryan a/k/a Norma E. Maples and Roy A. Bryan (collectively "Plaintiffs")

as follows:

**Answers to Jurisdiction and Venue Allegations**

  1.  This is a civil action for money damages in an amount that exceeds $75,000,
exclusive of costs, interest, and attorneys' fees.

**ANSWER**: Defendants acknowledge that Plaintiffs attempt to bring this action against

Defendants, but deny any allegation the Defendants violated any law, deny any and all alleged

liability to Plaintiffs, and deny that either or both Plaintiffs are entitled to any relief from either

or both Defendants.

  2.  Jurisdiction of this Court arises under 28 U.S.C. §1331 as this case presents a
federal question, and pursuant to 15 U.S.C. §1692k(d) and/or pursuant to 28 U.S.C. §1367 for
pendant state law claims.

**ANSWER**:  The allegations contained in this Paragraph consist solely of legal conclusions rather

than allegations of fact, and therefore no response is required.  To the extent that a response is required, Defendants admit only that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367, but Defendants otherwise deny the allegations contained in this Paragraph.  Defendants do not contest subject matter jurisdiction in this action.

3.     Plaintiffs bring this action to recover statutorily prescribed damages for acts on the part of Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE") and Defendant SETERUS, INC. (or "SETERUS") in violation the Telephone Consumer Protection Act of 1991, of 47 U.S.C. §227, *et seq*., (hereafter "TCPA"), the Florida Consumer Collection Practices Act, section 595.55, *et seq* (hereafter "TILA"), and the rules and regulations applicable thereto, 12 C.F.R. § 226.1, *et seq*., and 12 C.F.R. § 1026.1 *et seq*. (hereafter "Regulation Z"), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq*., (hereafter "RESPA"), and the rules and regulations applicable thereto, 24 C.F.R. § 3500.01, *et seq*., and 12 C.F.R. 1024.30*, et seq*., (hereafter "Regulation X"), and for common law Slander of Credit.

**ANSWER**:    Defendants acknowledge that Plaintiffs attempt to bring this action under the indicated statutes and regulations, but Defendants deny any allegation that they violated any of those statutes and regulations, deny any and all alleged liability under those statutes and regulations or otherwise, and deny that Plaintiffs are entitled to any relief from or against either or both Defendants.

4.     The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

**ANSWER**:    The Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.  The Defendants do not contest venue here.

### Answers to Factual Allegations

5.     Plaintiffs are natural persons, and citizens of the State of Florida, residing in Hillsborough County, Florida.

**ANSWER**:    Defendants admit Plaintiffs are natural persons but otherwise lack knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph.

6. Plaintiffs are debtors and/or alleged debtors as that term is defined by section 559.55(2), Florida Statutes.

**ANSWER**: The allegations contained in this Paragraph consist solely of legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Defendants admit only that, on or about September 8, 2006, Crescent Mortgage Company extended a mortgage loan to Plaintiffs in the original principal amount of $100,000.00 which is secured by a mortgage on the real estate commonly known as 4122 Leonard Street in Valrico, Florida ("Subject Loan"), and that Plaintiffs remain obligated under the terms of the Subject Loan, but Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph.

7. Plaintiff ROY BRYAN is the "called party" with respect to the calls described herein. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

**ANSWER**: Defendants are unable to discern what is meant by "called party," but attempting to respond, the allegations contained in this Paragraph consist solely of legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

8. At all times material hereto, Defendant FANNIE MAE was and is a foreign corporation, authorized to conduct business and conducting business in Florida, with its principal office in Washington, DC.

**ANSWER**: Fannie Mae is unable to discern what is meant by "[a]t all times material," "foreign corporation," and "principal office," but attempting to respond, Fannie Mae admits only that it maintains an ownership interest in mortgage loans secured by real property located in the

State of Florida and that it maintains an office in Washington, D.C., but otherwise lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

allegations contained in this Paragraph.  Seterus lacks knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations contained in this Paragraph.

9.      At all times material hereto, Defendant SETERUS was and is a foreign
corporation, authorized to conduct business and conducting business in Florida, with its principal
office Research Triangle Park, NC.

**ANSWER**:      Seterus is unable to discern what is meant by "[a]t all times material," "foreign

corporation," and "principal office," but attempting to respond, Seterus admits only that it

services mortgage loans secured by real property located in the State of Florida and that it

maintains an office in Research Triangle Park, North Carolina, but otherwise lack knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations

contained in this Paragraph.  Fannie Mae lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations contained in this Paragraph.

10.     At all times material hereto, Defendant SETERUS did transact business in
Hillsborough County, Florida, as a "debt collector" as that term is defined by section 559.55(6),
Florida Statutes, Defendant sought to collect an alleged debt from Plaintiffs that arose from a
transaction incurred for personal, family or household purposes and is therefore a "consumer
debt."

**ANSWER**:      The allegations contained in this Paragraph consist solely of legal conclusions

rather than allegations of fact, and therefore no response is required.  To the extent a response

may be required, Defendants lack knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in this Paragraph.

11.     At all times material hereto, Defendant FANNIE MAE did transact business in
Hillsborough County, Florida, as a "debt collector" as that term is defined by section 559.55(6),
Florida statutes.  Defendant sought to collect an alleged debt from Plaintiffs that arose from a
transaction incurred for personal, family or household purposes and is therefore a "consumer
debt."

**ANSWER**:    The allegations contained in this Paragraph consist solely of legal conclusions rather than allegations of fact, and therefore no response is required.  To the extent a response may be required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

12.    As described herein, Defendant FANNIE MAE and Defendant SETERUS employed business practices resulting in intentional harassment and abuse of the Plaintiffs and engaged in patterns of outrageous, abusive and harassing conduct by and through its agents and representatives in an effort to collect alleged debts from Plaintiffs.

**ANSWER**:    Defendants deny the allegations contained in this Paragraph.

13.    Defendant FANNIE MAE consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors for the alleged debt described herein.

**ANSWER**:    Fannie Mae is unable to discern what is meant by "consents of and has knowledge and control of the collection activities of its agents and representatives," but attempting to respond, Fannie Mae denies that it or any of its supervisors, managers, affiliates, subsidiaries, divisions, employees, "servants," partners, agents or representatives engaged in any of the "collection activities" alleged herein, but otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.  Seterus lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

14.    Defendant SETERUS consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors for the alleged debt described herein.

**ANSWER**:    Seterus is unable to discern what is meant by "consents of and has knowledge and control of the collection activities of its agents and representatives," but attempting to respond, Seterus denies that it or any of its supervisors, managers, affiliates, subsidiaries, divisions,

employees, "servants," partners, agents or representatives engaged in any of the "collection activities" alleged herein, but otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.  Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

15.     On or about September 8, 2006, the Plaintiffs executed and delivered a promissory note to Crescent Mortgage Company in the amount of $100,000.00 (hereafter the "Note"), and a mortgage securing payment of the Note to Mortgage Electronic Registration Systems, Inc. (hereafter "MERS"), as nominee for Crescent Mortgage Company (hereafter the "Mortgage").  The Mortgage secured payment of the Note by a property with a street address of 4122 Leonard St., Valrico, Florida (hereafter the "Subject Property").

**ANSWER**:     The Defendants admit the allegations contained in this Paragraph only to the extent they are consistent with the terms of the Subject Loan, but Defendants otherwise deny the allegations contained in this Paragraph.

16.     On or about May 8, 2013, MERS assigned the Mortgage to FANNIE MAE by executing an Assignment of Mortgage, which was recorded in the Hillsborough County Official Records at Book 21918, Page 1231, on or about June 4, 2013. Accordingly, Defendant FANNIE MAE is and was at all material times the "Assignee" of the Mortgage loan.

**ANSWER**:     The Defendants admit the allegations contained in this Paragraph only to the extent they are consistent with the terms of the Subject Loan, and any assignment of the mortgage securing the Subject Loan, but Defendants otherwise deny the allegations contained in this Paragraph.

17.     FANNIE MAE subsequently retained Defendant SETERUS to operate as a "subservicer" for the Subject Mortgage. Defendant SETERUS did not receive as assignment of record with respect to the Mortgage loan.

**ANSWER**:     Defendants are unable to discern what is meant by "subservicer," but attempting to respond, Defendants admit only that Seterus does not own the right to perform servicing as to the Subject Loan, and does so only pursuant to contract with Fannie Mae.  Defendants otherwise

deny the allegations contained in this Paragraph.

18.     In doing so, Defendant FANNIE MAE manifested assent that Defendant SETERUS would act as on its behalf as its agent subject to its control, and Defendant SETERUS manifested assent or otherwise consented so to act.

**ANSWER**:     The allegations contained in this Paragraph consist solely of legal conclusions rather than allegations of fact, and therefore no response is required.  To the extent a response may be required, Defendants deny the allegations contained in this Paragraph.

19.     At all times relevant to this action Defendant FANNIE MAE was and is the "master servicer" of the Mortgage loan, as defined by 15 U.S.C. §1641(f)(3) and 24 C.F.R. §3500.21(a).  *See* Runkle v. Fed. Nat. Mortg. Ass'n, 905 F.Supp.2d 1326 (S.D. Fla. 2012), reconsideration granted, Runkle v. Fed. Nat. Mortg. Ass'n, 2012 WL 6554755, *1 (S.D. Fla. 2012).

**ANSWER**:     The allegations contained in this Paragraph consist solely of legal conclusions rather than allegations of fact, and therefore no response is required.  To the extent a response may be required, Defendants are unable to discern what is meant by "[a]t all times relevant to this action," and therefore lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

20.     At all times relevant to this action Defendant SETERUS was and is the "sub-servicer" of Mortgage loan, as defined by 15 U.S.C. §1641(f)(3) and 24 C.F.R. §3500.21(a).  *See Runkle,* supra, 2012 WL 6554755 at *1.

**ANSWER**:     The allegations contained in this Paragraph consist solely of legal conclusions rather than allegations of fact, and therefore no response is required.  To the extent a response may be required, Defendants are unable to discern what is meant by "[a]t all times relevant to this action," and therefore lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

21.     On or about October 1, 2011, QBE Specialty Insurance (hereafter "QBE") issued for delivery to the Plaintiffs in Hillsborough County, Florida, a certain policy of dwelling hazard coverage on the Subject Property, with a term of October 1, 2011 to October 1, 2012. The policy was numbered LRE 910071464, and was in full force and effect at all material times.

**ANSWER**:     Defendants are unable to discern what is meant by "in full force and effect at all material times," but attempting to respond, Seterus admits the allegations contained in this Paragraph only to the extent that they are consistent with the Dwelling Hazard Coverage agreement, but otherwise denies the allegations contained in this Paragraph.  Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

22.     On or about January 24, 2012, the Subject Property was totally destroyed by fire, which was a covered loss under the policy.  The Plaintiffs duly made proof of loss under the terms, provisions and conditions of the policy.

**ANSWER**:     The allegations contained in this Paragraph consist solely of legal conclusions rather than allegations of fact and therefore no response is required.  To the extent a response may be required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

23.     QBE undertook to adjust the loss, and in due course made payments totaling $76,990.76 to the order of the Plaintiffs and SETERUS, which the Plaintiffs duly endorsed to Defendant SETERUS in partial satisfaction of the Mortgage loan.

**ANSWER**:     Defendants are unable to discern what is meant by "the loss," but attempting to respond, Seterus denies that it received checks or other payments in the amounts of $34,123.00 and/or $42,367.76 in connection with the Subject Loan, and otherwise denies the allegations contained in this Paragraph.  Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

24.     The Plaintiffs continued to make installment payments to Defendant SETERUS on the Mortgage loan through August, 2012, while repeatedly demanding that the Defendant SETERUS provide a payoff figure on the Mortgage loan, but Defendant SETERUS refused to

supply Plaintiffs with the requested payoff information, in violation of the TILA and RESPA.

**ANSWER**:   Seterus admits only that Plaintiffs made payments on the Subject Loan through

August 2012, but otherwise denies the remaining allegations contained in this Paragraph.  Fannie

Mae denies any violation of TILA and RESPA, but otherwise lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

25.     On or about June 4, 2013, Defendant SETERUS, as the purported "servicer of the Loan for [FANNIE MAE]," filed a Verified Complaint in this action, thereby initiating foreclosure proceedings against the Plaintiffs arising out of the Mortgage loan on the Subject Property.

**ANSWER**:   Defendants admit the allegations contained in this Paragraph only to the extent

that they are consistent with the complaint filed in the foreclosure action relating to the Subject

Loan.  Defendants otherwise deny the allegations contained in this Paragraph.

26.     As may be seen in Paragraph (9) of the Verified Complaint, Defendant FANNIE MAE, through its purported servicer, Defendant SETERUS, claims that the Plaintiffs owe $92,672.31 as principal on the Mortgage loan as of August 1, 2012, despite the fact that QBE issued checks in the amount of $76,990.76 to the Plaintiffs and SETERUS, and Plaintiffs endorsed said checks to Defendant SETERUS.

**ANSWER**:   Defendants admit the allegations contained in this Paragraph only to the extent

that they are consistent with the complaint filed in the foreclosure action relating to the Subject

Loan.  Defendants otherwise deny the allegations contained in this Paragraph.

27.     Defendant SETERUS has engaged in collection conduct in violation of the TCPA and FCCPA, and constituting intentional harassment and abuse of the Plaintiffs, by and through its agents and representatives, on numerous occasions within the two (2) year period preceding the filing of this action.  As described herein, Defendant SETERUS implemented its unlawful conduct by initiating calls to Plaintiff ROY BRYAN's cellular telephone number, (813) 478-0887, regarding the alleged debt described herein.  Plaintiff ROY BRYAN is the regular user and carrier of the cellular telephone number at issue, (813) 478-0887, and was the called party and recipient of Defendant SETERUS' above described calls.

**ANSWER**:   The Defendants deny the allegations contained in this Paragraph.

28.     To date, Defendant SETERUS has placed approximately one-hundred (100) calls to Plaintiff's aforementioned cellular telephone number.

**ANSWER**:   Seterus denies the allegations contained in this Paragraph.   Fannie Mae lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

contained in this Paragraph.

29.   Within the two (2) year period preceding the filing of this action, Defendant
SETERUS intentionally harassed and abused the Plaintiffs and their family, on numerous
occasions by its agents and representatives calling Plaintiff's aforementioned cellular telephone
number several times during one day, up to five (5) times a day, and on back to back days, with
such frequency as can reasonably be expected to harass.

**ANSWER**:   Seterus denies the allegations contained in this Paragraph.   Fannie Mae lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

contained in this Paragraph.

30.   Defendant SETERUS intentionally harassed and abused the Plaintiffs and their
family on numerous occasions, by and through its agents and representatives, by refusing to
provide adequate identification of the caller, refusing to provide adequate identification of the
caller's employer, by refusing to identify the source and amount of the alleged debt, and by
refusing to provide a payoff figure for the Subject Mortgage and Note as requested by Plaintiffs.

**ANSWER**:   Seterus denies the allegations contained in this Paragraph.   Fannie Mae lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

contained in this Paragraph.

31.   Upon information and belief, the telephone calls at issue were placed by
Defendant SETERUS using an "automated telephone dialing system" or "auto dialer," which has
the capacity to store or produce telephone numbers to be called, using a random or sequential
number generator; and to dial such numbers, as defined by the TCPA, 47 U.S.C. §227(a)(1).

**ANSWER**:   Seterus admits the allegations contained in this Paragraph only to the extent they

are consistent with the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

("TCPA"), but otherwise denies the allegations contained in this Paragraph.  Fannie Mae admits

the allegations contained in this Paragraph only to the extent they are consistent with the TCPA,

but otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations contained in this Paragraph.

32.     Defendant SETERUS initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA, 47 U.S.C. §227(b)(1)(A).

**ANSWER**:     Seterus denies the allegations contained in this Paragraph.  Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

33.     Additionally, none of the telephone calls at issue were placed by Defendant SETERUS to Plaintiff's aforementioned   cellular telephone for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227(b)(1)(A).

**ANSWER**:     Seterus denies the allegations contained in this Paragraph.  Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

34.     Defendant SETERUS has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling Plaintiff's aforementioned cellular telephone number, as described herein.

**ANSWER**:     Seterus denies the allegations contained in this Paragraph.  Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

35.     Defendant SETERUS willfully and/or knowingly violated the TCPA with respect to the Plaintiffs.

**ANSWER**:     Seterus denies the allegations contained in this Paragraph.  Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

36.     Despite actual knowledge of its wrongdoing, Defendant SETERUS continued its campaign of abuse.

**ANSWER**:     Seterus denies the allegations contained in this Paragraph.  Fannie Mae lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

37.     Defendant SETERUS's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

**ANSWER**:     Seterus denies the allegations contained in this Paragraph.  Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

38.     Defendant SETERUS has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

**ANSWER**:     Seterus denies the allegations contained in this Paragraph.  Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

39.     Defendant SETERUS followed its corporate policy when attempting to communicate with the Plaintiffs.

**ANSWER**:     Seterus admits only that it followed its policies and procedures relating to mortgage loan servicing as to Plaintiffs and the Subject Loan, but Seterus otherwise denies the allegations contained in this Paragraph.  Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

40.     Defendant SETERUS has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiffs over the relevant time period.

**ANSWER**:     Defendants are unable to discern what is meant by the "relevant period," but attempting to respond, Seterus admits only that it is in possession of servicing and other records concerning the Subject Loan, but otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.  Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

contained in this Paragraph.

41.     Defendant SETERUS and FANNIE MAE have been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country similar to those alleged in this action by Plaintiffs.

**ANSWER**:     Defendants are unable to discern what is meant by "numerous complaints,"

"debtors, alleged debtors, and non-debtors," but attempting to respond, Defendants deny the

allegations contained in this Paragraph.

42.     As a direct and proximate result of the acts or omissions on the part of  Defendant SETERUS' and FANNIE MAE, as set forth herein, Plaintiffs have suffered compensatory, statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life.

**ANSWER**:     Defendants deny the allegations contained in this Paragraph.

43.     Plaintiffs' statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life pursuant to section 559.77, Florida Statutes, 12 U.S.C. § 2605(f), and 15 U.S.C. § 1640 have continued and are continuing as of the filing of this complaint.

**ANSWER**:     Defendants deny the allegations contained in this Paragraph.

44.     All conditions precedent to the filing of this action have occurred.

**ANSWER**:     Because Plaintiffs fail to identify the alleged conditions precedent that allegedly

occurred with any specificity, Defendants lack knowledge or information sufficient to form a

belief about the truth or falsity of the allegations contained in this Paragraph.

**ANSWER TO COUNT I**
**Alleged Violation of the TCPA against Seterus**

45.     Plaintiffs re-alleges paragraphs (1) through (44) as if fully restated herein and further restates as follows:

**ANSWER**:     Defendants restate and incorporate by reference their answers and responses to

Paragraphs 1 – 44 as their answer and response to this Paragraph.

46.     None of the calls at issue were placed by Defendant SETERUS to Plaintiff ROY BRYAN's cellular telephone number with the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA, 47 U.S.C. §227(b)(1)(A).

**ANSWER**:   Seterus denies the allegations contained in this Paragraph.   The allegations contained in this Paragraph are not asserted against Fannie Mae, and therefore no response is required by it. To the extent the allegations may be construed as containing claims against it, Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

47.     Furthermore, none of the calls at issue were placed by Defendant SETERUS to Plaintiff for "emergency purposes" as specified by the, 47 U.S.C. §227(b)(1)(A).

**ANSWER**:   Seterus denies the allegations contained in this Paragraph.   The allegations contained in this Paragraph are not asserted against Fannie Mae, and therefore no response is required by it. To the extent the allegations may be construed as containing claims against it, Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

48.     Defendant SETERUS willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing non-emergency calls to Plaintiff's cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, invitation or permission, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

**ANSWER**:   Seterus denies the allegations contained in this Paragraph.   The allegations contained in this Paragraph are not asserted against Fannie Mae, and therefore no response is required by it. To the extent the allegations may be construed as containing claims against it, Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

49.     The TCPA provides Plaintiff with a private right of action against Defendant SETERUS for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. §227(b)(3), and permits both injunctive relief in addition to statutory damages.

**ANSWER**:    Seterus admits only the allegations contained in this Paragraph to the extent that they are consistent with the TCPA, but denies any allegation that it violated the TCPA, denies any and all alleged liability under the TCPA or otherwise, and denies that Plaintiffs are entitled to any relief from or against Seterus.  The allegations contained in this Paragraph are not asserted against Fannie Mae, and therefore no response is required by it. To the extent the allegations may be construed as containing claims against it, Fannie Mae admits only the allegations contained in this Paragraph to the extent that they are consistent with the TCPA, but otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

WHEREFORE, Seterus denies any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiffs, with costs assessed, and requests that this Court grant such further and additional relief as it deems just and appropriate.

### ANSWER TO COUNT II
### Alleged Violation of the TCPA against Fannie Mae

50.    Plaintiffs re-allege paragraphs (1)-(44) and (46) – (49) as if fully restated herein, and further states as follows:

**ANSWER**:    Defendants restate and incorporate by reference their answers and responses to Paragraphs 1 – 44 and 46-49 as its answer and response to this Paragraph.

51.    The telephone calls giving rise to the above described TCPA violations by Defendant FANNIE MAE's purported sub-servicer, Defendant SETERUS, were made on behalf of Defendant FANNIE MAE in that the calls at issue were intended to inure to the benefit of and further the interests of Defendant FANNIE MAE.

**ANSWER**:    Defendants are unable to discern what is meant by "subservicer," but attempting to respond, Defendants admit only that Seterus does not own the right to perform servicing as to the Subject Loan, and does so only pursuant to contract with Fannie Mae.  Defendants otherwise

deny the allegations contained in this Paragraph.

52.     In retaining Defendant SETERUS as its subservicer, Defendant FANNIE MAE manifested assent that Defendant SETERUS would act as on its behalf as its agent subject to its control, and Defendant SETERUS manifested assent or otherwise consented so to act.

**ANSWER**:     Defendants are unable to discern what is meant by "subservicer," but attempting

to respond, Defendants admit only that Seterus does not own the right to perform servicing as to

the Subject Loan, and does so only pursuant to contract with Fannie Mae.  Defendants otherwise

deny the allegations contained in this Paragraph.

53.     Accordingly, Defendant FANNIE MAE is vicariously liable for the violations of the TCPA on the part of its agent, Defendant SETERUS, as described herein. *See* Cellco P'ship v. Plaza Resorts Inc., 12-81238-CIV, 2013 WL 5436553, *6 (S.D. Fla. 2013).

**ANSWER**:     Defendants deny the allegations contained in this Paragraph.

54.     The TCPA provides Plaintiff with a private right of action against Defendant FANNIE MAE for its violations of the TCPA, by and through its agent, Defendant SETERUS, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

**ANSWER**:     Defendants deny the allegations contained in this Paragraph.

WHEREFORE, Fannie Mae denies any and all alleged liability in this matter, requests

that judgment be entered in its favor and against Plaintiffs, with costs assessed, and requests that

this Court grant such further and additional relief as it deems just and appropriate.

### ANSWER TO COUNT III
### Alleged Violation of the FCCPA against Seterus

55.     Plaintiffs re-allege paragraphs (1) through (44) as if fully restated herein and further state as follows:

**ANSWER**:     Defendants restate and incorporate by reference their answers and responses to

Paragraphs 1 – 44 as its answer and response to this Paragraph.

56.     At all times relevant to this action, Defendant SETERUS is subject to and must abide by the law of Florida, including section 559.72, Florida Statues.

**ANSWER**:    Defendants are unable to discern what is meant by "[a]t all times relevant to this action," and therefore lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.   Seterus admits only the allegations contained in this Paragraph to the extent that they are consistent with the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.* ("FCCPA"), but denies any allegation that it violated the FCCPA, denies any and all alleged liability under the FCCPA or otherwise, and denies that Plaintiffs are entitled to any relief from or against Seterus.   The allegations contained in this Paragraph are not asserted against Fannie Mae, and therefore no response is required by it. To the extent the allegations may be construed as containing claims against it, Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

57.   Defendant SETERUS engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully communicating with the Plaintiffs or any member of their family with such frequency as can reasonably be expected to harass the Plaintiffs.

**ANSWER**:    Seterus denies the allegations contained in this Paragraph.   The allegations contained in this Paragraph are not asserted against Fannie Mae, and therefore no response is required by it. To the extent the allegations may be construed as containing claims against it, Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

58.   Defendant SETERUS engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiffs.

**ANSWER**:    Seterus denies the allegations contained in this Paragraph.   The allegations contained in this Paragraph are not asserted against Fannie Mae, and therefore no response is required by it. To the extent the allegations may be construed as containing claims against it,

Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

59.     Defendant SETERUS engaged in an act or omission prohibited under section 559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

**ANSWER**:     Seterus denies the allegations contained in this Paragraph.    The allegations contained in this Paragraph are not asserted against Fannie Mae, and therefore no response is required by it. To the extent the allegations may be construed as containing claims against it, Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

60.     Defendant SETERUS' actions have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by Florida Statutes §559.77, including, but not limited to:  statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life, and attorney fees, interest and costs.

**ANSWER**:     Seterus denies the allegations contained in this Paragraph.    The allegations contained in this Paragraph are not asserted against Fannie Mae, and therefore no response is required by it. To the extent the allegations may be construed as containing claims against it, Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

WHEREFORE, Seterus denies any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiffs, with costs and attorney's fees assessed, and requests that this Court grant such further and additional relief as it deems just and appropriate.

**ANSWER TO COUNT IV**
**Alleged Violation of the FCCPA against Fannie Mae**

61.     Plaintiffs re-allege paragraphs (1) through (44) as if fully restated herein and further state as follows:

**ANSWER**:     Defendants restate and incorporate by reference their answers and responses to Paragraphs 1 – 44 as its answer and response to this Paragraph.

62.     At all times relevant to this action, Defendant FANNIE MAE is subject to and must abide by the law of Florida, including section 559.72, Florida Statutes.

**ANSWER**:     Defendants are unable to discern what is meant by "[a]t all times relevant to this action," and therefore lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.  Fannie Mae admits only the allegations contained in this Paragraph to the extent that they are consistent with the FCCPA, but denies any allegation that it violated the FCCPA, denies any and all alleged liability under the FCCPA or otherwise, and denies that Plaintiffs are entitled to any relief from or against Fannie Mae.  The allegations contained in this Paragraph are not asserted against Seterus, and therefore no response is required by it. To the extent the allegations may be construed as containing claims against it, Seterus lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

63.     Defendant FANNIE MAE engaged in an act or omission prohibited under section 559.72(7), Florida Statutes by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiffs.

**ANSWER**:     Fannie Mae denies the allegations contained in this Paragraph.  The allegations contained in this Paragraph are not asserted against Seterus, and therefore no response is required by it. To the extent the allegations may be construed as containing claims against it, Seterus lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

64.     Defendant FANNIE MAE engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by attempting to enforce a debt when such person knows that the

debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

**ANSWER**:   Fannie Mae denies the allegations contained in this Paragraph.  The allegations contained in this Paragraph are not asserted against Seterus, and therefore no response is required by it. To the extent the allegations may be construed as containing claims against it, Seterus lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

65.     Defendant FANNIE MAE's actions have directly and proximately resulted in Plaintiffs' prior and continuing sustaining of damages as described by Florida Statutes § 559.77, including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorney fees, interest and costs.

**ANSWER**:   Fannie Mae denies the allegations contained in this Paragraph.  The allegations contained in this Paragraph are not asserted against Seterus, and therefore no response is required by it. To the extent the allegations may be construed as containing claims against it, Seterus lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

WHEREFORE, Fannie Mae denies any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiffs, with costs and attorney's fees assessed, and requests that this Court grant such further and additional relief as it deems just and appropriate.

### ANSWER TO COUNT V
### Alleged Slander of Credit against Seterus

66.     Plaintiffs re-allege and incorporate paragraphs (1) – (44) above as if fully set forth herein.

**ANSWER**:   Defendants restate and incorporate by reference their answers and responses to Paragraphs 1 – 44 as its answer and response to this Paragraph.

67.     Defendant SETERUS reported the debt at issue to the Consumer Reporting Agencies as being delinquent in the amount of $92,672.31, resulting in the same being reflected on Plaintiffs' credit reports.

**ANSWER**:    Seterus admits that it furnished information to one or more consumer reporting agencies that the Subject Loan was delinquent, but denies that any such reporting constitutes a violation of any law, and denies any and all alleged liability in this matter.   The allegations contained in this Paragraph are not asserted against Fannie Mae, and therefore no response is required by it.   To the extent the allegations may be construed as containing claims against it, Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

68.     The above described reports to the Consumer Reporting Agencies by Defendant SETERUS were false, as described herein.

**ANSWER**:    Seterus denies the allegations contained in this Paragraph.   The allegations contained in this Paragraph are not asserted against Fannie Mae, and therefore no response is required by it.   To the extent the allegations may be construed as containing claims against it, Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

69.     In making the above reports to the Consumer Reporting Agencies, Defendant SETERUS knew that they were false or exhibited a reckless and/or knowing disregard for their truth or falsity.

**ANSWER**:    Seterus denies the allegations contained in this Paragraph.   The allegations contained in this Paragraph are not asserted against Fannie Mae, and therefore no response is required by it.   To the extent the allegations may be construed as containing claims against it, Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

70.     As a direct and proximate result of the above described false credit reports by

Defendant SETERUS, Plaintiffs' credit scores and credit worthiness have been impaired.

**ANSWER**:   Seterus denies the allegations contained in this Paragraph.   The allegations contained in this Paragraph are not asserted against Fannie Mae, and therefore no response is required by it.   To the extent the allegations may be construed as containing claims against it, Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

71.     As a direct and proximate result of the above described false credit report by Defendant SETERUS, Plaintiffs have suffered losses and damages.

**ANSWER**:   Seterus denies the allegations contained in this Paragraph.   The allegations contained in this Paragraph are not asserted against Fannie Mae, and therefore no response is required by it.   To the extent the allegations may be construed as containing claims against it, Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

WHEREFORE, Seterus denies any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiffs, with costs assessed, and requests that this Court grant such further and additional relief as it deems just and appropriate.

### ANSWER TO COUNT VI
### Alleged Slander of Credit against Fannie Mae

72.     Plaintiffs re-allege and incorporate paragraphs (1) – (44) above as if fully set forth herein.

**ANSWER:**   Defendants restate and incorporate by reference their answers and responses to Paragraphs 1 – 44 as its answer and response to this Paragraph.

73.     Defendant FANNIE MAE reported the debt at issue to the Consumer Reporting Agencies as being delinquent in the amount of $92,672.31, resulting in the same being reflected on Plaintiffs' credit reports.

**ANSWER:**   Fannie Mae denies the allegations contained in this Paragraph.   The allegations

22

contained in this Paragraph are not asserted against Seterus, and therefore no response is required by it.  To the extent the allegations may be construed as containing claims against it, Seterus lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

74.     The above described reports to the Consumer Reporting Agencies by Defendant FANNIE MAE were false, as described herein

**ANSWER:**     Fannie Mae denies the allegations contained in this Paragraph.  The allegations contained in this Paragraph are not asserted against Seterus, and therefore no response is required by it.  To the extent the allegations may be construed as containing claims against it, Seterus lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

75.     In making the above reports to the Consumer Reporting Agencies, Defendant FANNIE MAE knew that they were false or exhibited a reckless and/or knowing disregard for their truth or falsity.

**ANSWER:**     Fannie Mae denies the allegations contained in this Paragraph.  The allegations contained in this Paragraph are not asserted against Seterus, and therefore no response is required by it.  To the extent the allegations may be construed as containing claims against it, Seterus lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

76.     As a direct result of the above described false credit reports by Defendant FANNIE MAE, Plaintiffs' credit scores and credit worthiness have been impaired.

**ANSWER:**     Fannie Mae denies the allegations contained in this Paragraph.  The allegations contained in this Paragraph are not asserted against Seterus, and therefore no response is required by it.  To the extent the allegations may be construed as containing claims against it, Seterus lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in this Paragraph.

77.     As a direct and proximate result of the above described false credit reports by Defendant FANNIE MAE, Plaintiffs have suffered losses and damages.

**ANSWER:**     Fannie Mae denies the allegations contained in this Paragraph.  The allegations

contained in this Paragraph are not asserted against Seterus, and therefore no response is required

by it.  To the extent the allegations may be construed as containing claims against it, Seterus

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in this Paragraph.

WHEREFORE, Fannie Mae denies any and all alleged liability in this matter, requests

that judgment be entered in its favor and against Plaintiffs, with costs assessed, and requests that

this Court grant such further and additional relief as it deems just and appropriate.

### ANSWER TO COUNT VII
### Alleged Violation of TILA against Fannie Mae

78.     Plaintiffs re-allege paragraphs (1) through (44) as if fully restated herein and further state as follows:

**ANSWER:**     Defendants restate and incorporate by reference their answers and responses to

Paragraphs 1 – 44 as its answer and response to this Paragraph.

79.     At all times relevant to this action Defendant FANNIE MAE is subject to and must abide by the Truth in Lending Act, 15 U.S.C. § 1601, et seq., (hereafter "TILA"), and the rules and regulations applicable thereto, as set forth in 12 C.F.R. § 226.1, et seq., and 12 C.F.R. § 1026.1, et seq. (hereafter "Regulation Z").

**ANSWER:**     Defendants are unable to discern what is meant by "[a]t all times relevant to this

action," and therefore lack knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in this Paragraph.  Fannie Mae admits the allegations

contained in this Paragraph only to the extent that they are consistent with the federal Truth in

Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA") and the rules and regulations set forth in 12

C.F.R. § 226, *et seq.* and 12 C.F.R. § 1025, *et seq.* ("Regulation Z"), but otherwise denies the allegations contained in this Paragraph.  The allegations contained in this Paragraph are not asserted against Seterus, and therefore no response is required by it.  To the extent the allegations may be construed as containing claims against it, Seterus lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

80.     At all times relevant to this action Defendant FANNIE MAE was and is the Assignee of the Mortgage loan at issue.

**ANSWER:**     Fannie Mae is unable to discern what is meant by "[a]t all times relevant to this action" and "Assignee," but attempting to respond, Fannie Mae admits only that it is the current owner of the Subject Loan.  The allegations contained in this Paragraph are not asserted against Seterus, and therefore no response is required by it.  To the extent the allegations may be construed as containing claims against it, Seterus is unable to discern what is meant by "[a]t all times relevant to this action" and "Assignee," but attempting to respond, Seterus lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

81.     At all times relevant to this action Defendant FANNIE MAE was and is the "master servicer" of the Mortgage loan, as defined by 15 U.S.C. § 1641(f)(3) and 24 C.F.R. § 3500.21(a). See Runkle, supra, 2012 WL 6554755 at *1.

**ANSWER:**     Fannie Mae is unable to discern what is meant by "[a]t all times relevant to this action," but attempting to respond, Fannie Mae admits only that it is the owner of the subject mortgage.  The allegations contained in this Paragraph are not asserted against Seterus, and therefore no response is required by it.  To the extent the allegations may be construed as containing claims against it, Seterus is unable to discern what is meant by "[a]t all times relevant to this action," but attempting to respond, Seterus lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

82.     At all times relevant to this action Defendant SETERUS was and is the "subservicer" of the Mortgage loan, as defined by 15 U.S.C. § 1641(f)(3) and 24 C.F.R. § 3500.21(a). See Runkle, supra, 2012 WL 6554755 at *1.

**ANSWER:**     Defendants are unable to discern what is meant by "[a]t all times relevant to this action," or what is meant by "subservicer," but attempting to respond, Defendants admit only that Seterus does not own the right to perform servicing as to the Subject Loan, and does so only pursuant to contract with Fannie Mae.  Defendants otherwise deny the allegations contained in this Paragraph.

83.     Defendant FANNIE MAE is liable for the failure of its subservicer, SETERUS, to credit the payment to the Plaintiffs' Mortgage loan account as of the date of receipt, resulting in charges to the Plaintiffs and the reporting of negative information to the Consumer Reporting Agencies, as described herein, in violation of 12 C.F.R. § 226.36(c)(1)(i) and 12 C.F.R. § 1026.36(c)(1)(i).

**ANSWER:**     Defendants are unable to discern what is meant by "subservicer," but attempting to respond, Defendants admit only that Seterus does not own the right to perform servicing as to the Subject Loan, and does so only pursuant to contract with Fannie Mae.  Defendants otherwise deny the allegations contained in this Paragraph.

84.     Defendant FANNIE MAE is liable for the failure of its subservicer, SETERUS, to provide the Plaintiffs with an accurate statement of the total outstanding balance that would be required to satisfy the Plaintiffs' obligation under the Note and Mortgage in full as of the date such requests were made, as described herein, in violation of 12 C.F.R. § 226.36(c)(1)(iii) and 12 C.F.R. § 1026.36(c)(3).

**ANSWER:**     Defendants are unable to discern what is meant by "subservicer," but attempting to respond, Defendants admit only that Seterus does not own the right to perform servicing as to the Subject Loan, and does so only pursuant to contract with Fannie Mae.  Defendants otherwise deny the allegations contained in this Paragraph.

85.     Defendant FANNIE MAE is liable for the failure of its subservicer, SETERUS, to provide the Plaintiffs with the name, address and telephone number of the owner of the obligation or the master servicer of the obligation, to the best knowledge of SETERUS, upon Plaintiffs' written request for same, in violation of 15 U.S.C. § 1641(f)(2).

**ANSWER:**   Defendants are unable to discern what is meant by "subservicer," but attempting to respond, Defendants admit only that Seterus does not own the right to perform servicing as to the Subject Loan, and does so only pursuant to contract with Fannie Mae.  Defendants otherwise deny the allegations contained in this Paragraph.

86.   As a direct and proximate result of the above described violations of TILA and Regulation Z, Plaintiffs have suffered losses and damages.

**ANSWER:**   Fannie Mae denies the allegations contained in this Paragraph.  The allegations contained in this Paragraph are not asserted against Seterus, and therefore no response is required by it.  To the extent the allegations may be construed as containing claims against it, Seterus denies the allegations contained in this Paragraph.

87.   The TILA provides Plaintiffs with a private right of action against Defendant FANNIE MAE, as Assignee of the Mortgage loan, for its subservicer's violations of TILA and Regulation Z, as described herein, pursuant to 15 U.S.C. § 1640, and permits recovery of statutory damages, actual damages, attorneys' fees and costs incurred by Plaintiffs.

**ANSWER:**   Defendants are unable to discern what is meant by "subservicer," but attempting to respond, Defendants admit only that Seterus does not own the right to perform servicing as to the Subject Loan, and does so only pursuant to contract with Fannie Mae.  Defendants admit the allegations contained in this Paragraph only to the extent that they are consistent with TILA and Regulation Z, but otherwise deny the allegations contained in this Paragraph.

WHEREFORE, Fannie Mae denies any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiffs, with costs assessed, and requests that this Court grant such further and additional relief as it deems just and appropriate.

### ANSWER TO COUNT VIII
### Alleged Violation of RESPA against Seterus

88.   Plaintiffs re-allege paragraphs (1) through (44) as if fully restated herein and further state as follows:

**ANSWER:**    Defendants restate and incorporate by reference their answers and responses to Paragraphs 1 – 44 as its answer and response to this Paragraph.

89.    At all times relevant to this action Defendant SETERUS is subject to and must abide by the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq., (hereafter "RESPA") and the and the regulations applicable thereto, as set forth in 24 C.F.R. § 3500.1, et seq., and 12 C.F.R. § 1024.30, et seq. (hereafter "Regulation X").

**ANSWER:**    Seterus is unable to discern what is meant by "[a]t all times relevant to this action," but attempting to respond, Seterus admits only the allegations contained in this Paragraph to the extent that they are consistent with the federal Real Estate Settlement Procedures Act, 12 U.S.C. 2601, *et seq.* ("RESPA") and the regulations set forth in 24 C.F.R. § 35001, *et seq.* ("Regulation X"), but otherwise denies the allegations contained in this Paragraph. The allegations contained in this Paragraph are not asserted against Fannie Mae, and therefore no response is required by it.  To the extent the allegations may be construed as containing claims against it, Fannie Mae is unable to discern what is meant by "[a]t all times relevant to this action," but attempting to respond, Fannie Mae admits only the allegations contained in this Paragraph to the extent that they are consistent with RESPA and Regulation X, but otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

90.    At all times relevant to this action Defendant FANNIE MAE was and is the "master servicer" of the Note and Mortgage, as defined by 24 C.F.R. § 3500.21(a).

**ANSWER:**    Fannie Mae is unable to discern what is meant by "[a]t all times relevant to this action," but attempting to respond, Fannie Mae admits only that it is the owner of the subject loan, but otherwise denies the allegations contained in this Paragraph.  The allegations contained in this Paragraph are not asserted against Seterus, and therefore no response is required by it.  To the extent the allegations may be construed as containing claims against it, Seterus is unable to

discern what is meant by "[a]t all times relevant to this action," but attempting to respond, Seterus lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

91.    At all times relevant to this action Defendant SETERUS was and is the "subservicer" of the Note and Mortgage, as defined by 24 C.F.R. § 3500.21(a).

**ANSWER:**    Seterus is unable to discern what is meant by "[a]t all times relevant to this action," or by "subservicer," but attempting to respond, Defendants admit only that Seterus does not own the right to perform servicing as to the Subject Loan, and does so only pursuant to contract with Fannie Mae, but Defendants otherwise deny the allegations contained in this Paragraph.

92.    Defendant SETERUS engaged in an act or omission prohibited under 12 U.S.C. § 2605(k)(1)(C) and 12 C.F.R. §§ 1024.35 – 1024.36, by failing to take timely action to respond to Plaintiffs' requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties, as described herein.

**ANSWER:**    Seterus denies the allegations contained in this Paragraph.   The allegations contained in this Paragraph are not asserted against Fannie Mae, and therefore no response is required by it.   To the extent the allegations may be construed as containing claims against it, Fannie Mae is unable to discern what is meant by "[a]t all times relevant to this action," but attempting to respond, Fannie Mae admits only that Seterus is the servicer of the subject loan.

93.    Defendant SETERUS engaged in an act or omission prohibited under 12 U.S.C. § 2605(k)(1)(D) and 12 C.F.R. § 1024.36(2), by failing to respond within 10 business days to a request from Plaintiffs to provide the identity, address, and other relevant contact information about the owner or assignee of the loan, as described herein.
.
**ANSWER:**    Seterus denies the allegations contained in this Paragraph.   The allegations contained in this Paragraph are not asserted against Fannie Mae, and therefore no response is required by it.   To the extent the allegations may be construed as containing claims against it,

Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

94.     As a direct and proximate result of the above described violations of RESPA and Regulation X by Defendant SETERUS, Plaintiffs have suffered losses and damages.
.

**ANSWER:**     Seterus denies the allegations contained in this Paragraph.   The allegations contained in this Paragraph are not asserted against Fannie Mae, and therefore no response is required by it.   To the extent the allegations may be construed as containing claims against it, Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

95.     RESPA provides Plaintiffs with a private right of action against Defendant SETERUS for its violations of RESPA, as described herein, pursuant to 12 U.S.C. § 2605(f), and permits recovery of statutory damages, actual damages, attorneys' fees and costs incurred by Plaintiffs.

**ANSWER:**     Seterus admits only the allegations in this Paragraph to the extent that they are consistent with RESPA, but otherwise denies the allegations contained in this Paragraph.   The allegations contained in this Paragraph are not asserted against Fannie Mae, and therefore no response is required by it.   To the extent the allegations may be construed as containing claims against it, Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

WHEREFORE, Seterus denies any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiffs, with costs and attorney's fees assessed, and requests that this Court grant such further and additional relief as it deems just and appropriate.

## ANSWER TO COUNT IX
### Alleged Violation of RESPA against Fannie Mae

96.     Plaintiffs re-allege paragraphs (1) through (44) as if fully restated herein and

further state as follows:

**ANSWER:**   Defendants restate and incorporate by reference their answers and responses to Paragraphs 1 – 44 as its answer and response to this Paragraph.

97.   At all times relevant to this action Defendant FANNIE MAE is subject to and must abide by the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq., (hereafter "RESPA") and the and the regulations applicable thereto, as set forth in 24 C.F.R. § 3500.1, et seq., and 12 C.F.R. § 1024.30, et seq. (hereafter "Regulation X").

**ANSWER:**   Fannie Mae is unable to discern what is meant by "[a]t all times relevant to this action," but attempting to respond, Fannie Mae admits only the allegations contained in this Paragraph to the extent that they are consistent with RESPA and Regulation X, but otherwise denies the allegations contained in this Paragraph.   The allegations contained in this Paragraph are not asserted against Seterus, and therefore no response is required by it.   To the extent the allegations may be construed as containing claims against it, Seterus is unable to discern what is meant by "[a]t all times relevant to this action," but attempting to respond, Seterus admits only the allegations contained in this Paragraph to the extent that they are consistent with RESPA and Regulation X, but otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

98.   At all times relevant to this action Defendant FANNIE MAE was and is the "master servicer" of the Note and Mortgage, as defined by 24 C.F.R. § 3500.21(a).

**ANSWER:**   Fannie Mae is unable to discern what is meant by "[a]t all times relevant to this action," but attempting to respond, Fannie Mae admits only that it is the owner of the subject loan. The allegations contained in this Paragraph are not asserted against Seterus, and therefore no response is required by it.   To the extent the allegations may be construed as containing claims against it, Seterus is unable to discern what is meant by "[a]t all times relevant to this action," but attempting to respond, Seterus lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations contained in this Paragraph.

99. At all times relevant to this action Defendant SETERUS was and is the "subservicer" of the Note and Mortgage, as defined by 24 C.F.R. § 3500.21(a).

**ANSWER:** Defendants are unable to discern what is meant by "[a]t all times relevant to this action," or by "subservicer," but attempting to respond, Defendants admit only that Seterus does not own the right to perform servicing as to the Subject Loan, and does so only pursuant to contract with Fannie Mae, but Defendants otherwise deny the allegations contained in this Paragraph.

100. Defendant FANNIE MAE engaged in an act or omission prohibited under 12 U.S.C. § 2605(k)(1)(C) or and 12 C.F.R. §§ 1024.35 – 1024.36, by the failure of its subservicer, Defendant SETERUS, to take timely action to respond to Plaintiffs' requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties, as described herein.

**ANSWER:** Defendants are unable to discern what is meant by "subservicer," but attempting to respond, Defendants admit only that Seterus does not own the right to perform servicing as to the Subject Loan, and does so only pursuant to contract with Fannie Mae. Defendants otherwise deny the remaining allegations contained in this Paragraph.

101. Defendant FANNIE MAE engaged in an act or omission prohibited under 12 U.S.C. §2605(k)(1)(D) and 12 C.F.R. § 1024.36(2), by the failure of its subservicer, Defendant SETERUS, to respond within 10 business days to a request from Plaintiffs to provide the identity, address, and other relevant contact information about the owner or assignee of the loan, as described herein.

**ANSWER:** Defendants are unable to discern what is meant by "subservicer," but attempting to respond, Defendants admit only that Seterus does not own the right to perform servicing as to the Subject Loan, and does so only pursuant to contract with Fannie Mae. Defendants otherwise deny the remaining allegations contained in this Paragraph.

102. As a direct and proximate result of the above described violations of RESPA by Defendant FANNIE MAE, Plaintiffs have suffered losses and damages.
.

**ANSWER:**   Fannie Mae denies the allegations contained in this Paragraph.  The allegations contained in this Paragraph are not asserted against Seterus, and therefore no response is required by it.  To the extent the allegations may be construed as containing claims against it, Seterus lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

103.   RESPA provides Plaintiffs with a private right of action against Defendant FANNIE MAE for its violations of RESPA, as described herein, pursuant to 12 U.S.C. § 2605(f), and permits recovery of statutory damages, actual damages, attorneys' fees and costs incurred by Plaintiffs.

**ANSWER:**   Fannie Mae admits on the allegations in this Paragraph to the extent that they are consistent with RESPA, but otherwise denies the allegations contained in this Paragraph.  The allegations contained in this Paragraph are not asserted against Seterus, and therefore no response is required by it.  To the extent the allegations may be construed as containing claims against it, Seterus lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

WHEREFORE, Fannie Mae denies any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiffs, with costs and attorney's fees assessed, and requests that this Court grant such further and additional relief as it deems just and appropriate.

### Defendants' Affirmative Defenses

Defendants Federal National Mortgage Association ("Fannie Mae") and Seterus, Inc. ("Seterus") (collectively, "Defendants") by their attorneys, assert the following Affirmative Defenses to Plaintiffs' Norma E. Bryan a/k/a Norma E. Maples and Roy A. Bryan (collectively "Plaintiffs") first Amended Complaint ("FAC") as follows:

### Facts Common to All Affirmative Defenses

1.      On September 8, 2006, Crescent Mortgage Company extended a mortgage loan to Plaintiffs in the original principal amount of $100,000.00 which is secured by a mortgage on the real estate commonly known as 4122 Leonard Street in Valrico, Florida ("Subject Loan").

2.      Seterus is the current servicer of the Subject Loan.

3.      As the servicer of the Subject Loan, only Seterus made calls and communications to Plaintiffs in connection with the Subject Loan.  Fannie Mae did not make any calls or other communications to Plaintiffs.

4.      Seterus did not make any calls to Plaintiffs using any pre-recorded messages or using any automatic telephone dialing system.

5.      Plaintiffs expressly consented to receive collection and other telephone calls from Seterus and/or Fannie Mae on their cell phones.

### First Affirmative Defense

6.      Defendants restate and incorporate by reference the facts stated in Paragraphs 1-5 of its Affirmative Defenses above.

7.      Plaintiffs fail to state a claim for which the relief requested may be granted, and Defendants reserve and do not waive their arguments relating to the legal sufficiency of Plaintiffs' allegations.

WHEREFORE, Defendants request that judgment be entered in their favor and against Plaintiffs, with costs and attorneys' fees assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

### Second Affirmative Defense

8.      Defendants restate and incorporate by reference the facts stated in Paragraphs 1-5 of its Affirmative Defenses above.

9.      To the extent Plaintiffs may allegedly have suffered any actual damages, and to the extent either or both Defendants may somehow be liable in this action, Plaintiffs' alleged actual damages were caused in whole or in part by their own failure to mitigate those alleged damages.

10.     To the extent Plaintiffs may allegedly have suffered any actual damages, and to the extent either or both Defendants may somehow be liable in this action, Plaintiffs' alleged actual damages were caused in whole or in part by third parties unaffiliated with Defendants, and over whom Defendants neither had nor exercised any direction or control.

WHEREFORE, Defendants request that judgment be entered in their favor and against Plaintiffs, with costs assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

### Third Affirmative Defense

11.     Defendants restate and incorporate by reference the facts stated in Paragraphs 1-5 of its Affirmative Defenses above.

12.     Defendants deny that they violated any provision of the Florida Consumer Collection Practices Act, § 559.55 Fla. Stat., *et seq*. ("FCCPA").

13.     Nevertheless, any alleged violation of the FCCPA by Defendants would have been unintentional, resulting from a bona fide error made in good faith, and occurring despite Seterus's processes and procedures that were reasonably designed and actually implemented to avoid any such alleged error.

14.     Seterus's processes and procedures included, without limitation:

a.      Strict limitations on the number of calls that could be made within defined periods of time to borrowers on mortgage loans serviced by Seterus; and

b.      Strict limitations on the time of day at which borrowers on mortgage loans serviced by Seterus could be called; and

c.      Strict prohibitions on obtaining unauthorized telephone or cell phone numbers from "skip traces" or other unauthorized third party sources for borrowers on mortgage loans serviced by Seterus; and

d.      Strict prohibitions on calling borrowers on mortgage loans serviced by Seterus at cell phone or telephone numbers without the borrower's consent; and

e.      Strict prohibitions on calling borrowers on mortgage loans serviced by Seterus after Seterus received notice that the borrowers were represented by counsel; and

f.      Strict prohibitions on harassing or abusing borrowers on mortgage loans serviced by Seterus; and

g.      Strict prohibitions on attempting to in any way mislead or deceive borrowers on mortgage loans serviced by Seterus; and

h.      Strict prohibitions on threatening to take any action that Seterus was not legally authorized to take, and/or that Seterus did not intend to take, against borrowers on mortgage loans serviced by Seterus; and

i.      Strict limitations on any communications with any third parties in connection with mortgage loans serviced by Seterus; and

j.      Strict limitations on contacting borrowers on loans serviced by Seterus, when the borrowers requested that Seterus stop contacting them.

15.     Therefore, to the extent that there may have been an error in the communications to Plaintiffs regarding the Subject Loan as Plaintiffs allege, the error in the communications would not be the result of a knowing or intentional act or acts by Seterus, and would thus be an

unknowing and unintentional bona fide error, notwithstanding the maintenance of procedures reasonably adapted by Seterus to avoid such error.

16.     Accordingly, even if an FCCPA violation had in fact occurred as alleged, Defendants would not be liable pursuant to § 559.77(3) Fla. Stat.

WHEREFORE, Defendants request that judgment be entered in their favor and against Plaintiffs, with costs and attorneys' fees assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

**Fourth Affirmative Defense**

17.     Defendants restate and incorporate by reference the facts stated in Paragraphs 1-5 of its Affirmative Defenses above.

18.     Defendants deny that they violated any provision of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

19.     At all times material to this action, Seterus had established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA, including without limitation:

a.     Strict prohibitions on obtaining unauthorized telephone or cell phone numbers from "skip traces" or other unauthorized third party sources for borrowers on mortgage loans serviced by Seterus; and

b.     Strict prohibitions on calling borrowers on mortgage loans serviced by Seterus at cell phone or telephone numbers without the borrower's consent; and

c.     Strict prohibitions on calling borrowers on mortgage loans serviced by Seterus after the borrowers revoked their consent to be called; and

d.     Strict requirements to obtain express consent to receive calls from Seterus

to any cell phone number using an automatic telephone dialing system or an artificial or prerecorded voice before making any such calls to borrowers on mortgage loans serviced by Seterus; and

        e.      Strict prohibitions on calling borrowers on mortgage loans serviced by Seterus after Seterus received notice that the borrowers were represented by counsel; and

        f.      Strict limitations on calling borrowers on loans serviced by Seterus, when the borrowers requested that Seterus stop contacting them.

    20.    Accordingly, although Defendants deny any violation of the TCPA occurred here, Defendants could not have willfully or knowingly violated the TCPA, such that treble damages under 47 U.S.C. § 227(c)(5) are not appropriate here, even if Defendants are somehow deemed to have violated the TCPA.

    WHEREFORE, Defendants request that judgment be entered in their favor and against Plaintiffs, with costs assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

### Fifth Affirmative Defense

    21.    Defendants restate and incorporate by reference the facts stated in Paragraphs 1-5 of its Affirmative Defenses above.

    22.    Plaintiffs expressly consented to receive calls from Fannie Mae and/or Seterus to their cell phones, including through an automatic telephone dialing system or an artificial or prerecorded voice, and did not ever revoke their consent at any relevant time.

    23.    Any calls to Plaintiffs' cell phones by either or both Defendants using an automatic telephone dialing system, or artificial or prerecorded voice, were made with Plaintiffs' prior express consent.

24.     Accordingly, Defendants did not violate the TCPA.

WHEREFORE, Defendants request that judgment be entered in their favor and against Plaintiffs, with costs and attorneys' fees assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

### Sixth Affirmative Defense

25.     Defendants restate and incorporate by reference the facts stated in Paragraphs 1-5 of its Affirmative Defenses above.

26.     Plaintiffs' allegations of "slander of credit" are preempted under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

WHEREFORE, Defendants request that judgment be entered in their favor and against Plaintiffs, with costs and attorneys' fees assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

### Seventh Affirmative Defense

27.     Defendants restate and incorporate by reference the facts stated in Paragraphs 1-5 of its Affirmative Defenses above.

28.     Defendants deny that they violated any provision of the federal Truth In Lending Act, 15 U.S.C. § 1601, et seq. ("TILA").

29.     Nevertheless, any alleged violation of TILA by Defendants would have been unintentional, resulting from a bona fide error made in good faith, and occurring despite Seterus's processes and procedures that were reasonably designed and actually implemented to avoid any such alleged error.

30.     Seterus's processes and procedures included, without limitation:

a.      Promptly crediting payments as they are received on mortgage loans

serviced by Seterus, and otherwise in compliance with state and federal law;

        b.     Promptly providing authorized persons with an accurate statement of the total outstanding balance that would be required to satisfy a mortgage loan serviced by Seterus in full as of a specified date, and otherwise in compliance with state and federal law;

        c.     Promptly providing the name, address and telephone number of the owner or the master servicer of a mortgage loan serviced by Seterus, following an authorized written request for this information, and otherwise in compliance with state and federal law.

    31.    Therefore, to the extent that there may have been an error in the crediting of payments or communications to and from Plaintiffs regarding the Subject Loan as Plaintiffs allege, the error in the crediting of payments or communications would not be the result of a knowing or intentional act or acts by Seterus, and would thus be an unknowing and unintentional bona fide error, notwithstanding the maintenance of procedures reasonably adapted by Seterus to avoid such error.

    32.    Accordingly, even if TILA violation had in fact occurred as alleged, Defendants would not be liable pursuant to 15 U.S.C. § 1640(c).

    WHEREFORE, Defendants request that judgment be entered in their favor and against Plaintiffs, with costs and attorneys' fees assessed, and requests that this Court provide such further and additional relief as it deems just and appropriate.

    The above affirmative defenses are based on the facts currently known to Defendants, and Defendants reserve the right to amend or add affirmative defenses based on facts that may later be discovered, pled, or offered.

**Attorneys' Fees**

Defendants are entitled to recover their attorneys' fees pursuant to Florida Statute §

559.77 as Plaintiff's allegations are without merit.

Dated the 28th day of July, 2014.

**FEDERAL NATIONAL MORTGAGE
ASSOCIATION** and **SETERUS, INC.**,

By: s/ Hector E. Lora, Esq.
   McGINNIS WUTSCHER BEIRAMEE LLP
   110 E. Broward Blvd., Suite 1700
   Fort Lauderdale, Florida 33301
   Direct: (786) 553-8082
   Fax: (866) 581-9302
   E-mail: hlora@mwbllp.com

**Certificate of Service**

I hereby certify that on this day, **July 28, 2014**, a true and correct copy of the foregoing document and all referenced exhibits was served via CM/ECF on all interested parties.

s/ Hector E. Lora, Esq.
